# EXHIBIT 2

SCANNED
FILE COPY
07/06/2017

1  SCOTT J. HYMAN (State Bar No. 148709)
   sjh@severson.com
2  GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
   grw@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  DUANE M. GECK (State Bar No. 114823)
   dmg@severson.com
8  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
9  SEVERSON & WERSON
   A Professional Corporation
10 One Embarcadero Center, Suite 2600
   San Francisco, California 94111
11 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

12
   Attorneys for Defendant
13 NISSAN MOTOR ACCEPTANCE CORPORATION

14              **UNITED STATES DISTRICT COURT**

15    **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

16 | ARAM TERTERYAN, individually | Case No. 2:16-cv-02029 GW (KSx)
   | and on behalf of all others similarly | Hon. George H. Wu
17 | situated, | Ctrm. 9D – 1st Street

18 |              Plaintiff, | **CLASS ACTION**

19 |              vs. | **NISSAN MOTOR ACCEPTANCE**
   | | **CORPORATION'S RESPONSE TO**
20 | NISSAN MOTOR ACCEPTANCE | **PLAINTIFFS' THIRD SET OF**
   | CORPORATION, | **REQUESTS FOR PRODUCTION**
21 | | **OF DOCUMENTS**
   |              Defendant. |
22 | | Action Filed:   March 24, 2016
   | | Trial Date:     None Set
23

24        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant

25 NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant") responds to

26 Plaintiffs ARAM TERTERYAN, TATYANA DAVTYAN and MARINE

27 DAVTYAN's (collectively, "Plaintiffs") third set of Requests for Production as

28 follows:

06888.0238/10769400.3

**INTRODUCTION**

Defendant has not completed its investigation of the facts related to this case, nor has it completed discovery with regard to Plaintiffs' claims.  The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts.  The following responses are based only upon the information that is presently known to Defendant.  Further, Defendant reserves the right to supplement or amend its responses if additional information is discovered or located.

**GENERAL OBJECTIONS**

1.     These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all other objections on the grounds that would require the exclusion of any statement herein if any request for admission were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of the trial.

2.     Defendant is responding to all of the requests to the extent that information has become known to it.  However, Defendant's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, Defendant does not purport to state anything more than information currently known.

3.     Defendant reserves the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting date.  Consequently, these requests are responded to fully and so far as information is currently available to Defendant, and Defendant is not precluded from presenting at trial information discovered after the date of these responses to these requests.

4.      Defendant objects to each request to the extent it seeks information in Plaintiffs' possession or equally available to Plaintiffs, from public records and/or sources other than Defendant.

5.      Defendant objects to each and every request to the extent disclosure or production of information or documents would violate the rights to privacy of others, as protected by federal law.

6.      Defendant objects to each and every request to the extent that the request seeks information subject to the attorney-client privilege, the attorney work-product privilege, trade secret, private and/or sensitive or confidential information, or any other applicable privilege.

7.      Defendant objects to each and every request to the extent that it seeks information or documents from persons or entities on the ground that such a demand is costly, burdensome, oppressive, or unreasonable, and on the further ground that the law does not require a party to locate documents or compile information in the possession of others.

8.      These general objections are incorporated by reference into each and every response as if fully set forth.

## OBJECTIONS TO DEFINITIONS

1.      Defendant objects to the Request's definition of "DOCUMENT", and its incorporation of the term ELECTRONICALLY STORED INFORMATION ("ESI") as calling for the production of information beyond the scope of Federal Rule of Civil Procedure 34(a)(1)(A)'s definition of ESI.   Defendant objects to the Request's definition of and use of the term as vague and ambiguous to the extent it applies a meaning to the defined term beyond its customary and ordinary usage. Defendant objects to the Request's definition as overbroad, unduly burdensome, and calling for the production of proprietary and confidential information. Defendant objects to this definition to the extent it can be interpreted as calling for the production of attorney-client privileged and/or attorney-work production

1  protected information.  Defendant objects to the Request's incorporation of other
2  definitions which are, themselves, vague, ambiguous, overbroad and unduly
3  burdensome, rendering the definition herein unintelligible.

4       2.    Defendant objects to the Request's definition of ELECTRONICALLY
5  STORED INFORMATION ("ESI") to the extent the use of such term is beyond the
6  scope of Federal Rule of Civil Procedure 34(a)(1)(A)'s definition of ESI.
7  Defendant objects to the Request's definition of and use of the term ESI as
8  overbroad, unduly burdensome, and calling for the production of proprietary and
9  confidential information.  Defendant objects to this definition to the extent it can be
10  interpreted as calling for the production of attorney-client privileged and/or
11  attorney-work production protected information.  Defendant objects to the
12  Request's incorporation of other definitions which are, themselves, vague,
13  ambiguous, overbroad and unduly burdensome, rendering the definition herein
14  unintelligible.

15       3.    Defendant objects to the Request's definition of "CLASS MEMBER"
16  as vague, ambiguous, and unintelligible in its requirement that a PERSON "satisfy
17  the any" definition of the classmembers.   The Definition is vague, ambiguous,
18  overbroad, and unduly burdensome its incorporation of the Request's definition of
19  "PERSON", which purports to include persons or entities who could not possibly
20  participate in any putative class, such as, for example, any "governmental or
21  administrative body".  Defendant objects to the Request's incorporation of other
22  definitions which are, themselves, vague, ambiguous, overbroad and unduly
23  burdensome, rendering the definition herein unintelligible.  The Definition is vague,
24  ambiguous, and unintelligible in the fail-safe nature of the Definition itself –
25  namely, that a "PERSON" only becomes a "CLASS MEMBER" if the "satisfy[] the
26  any definition of the class members set forth in the operative complaint".

27       4.    Defendant objects to the Request's definition of NMAC to the extent it
28  seeks production of information by entities who are not parties to this litigation

1  and/or information that is not under the care, custody, or control of NMAC.

2  Defendant objects to the Request's incorporation of other definitions which are,

3  themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the

4  definition herein unintelligible.

5       5.     Defendant objects to the Request's definition of "AUTOMATIC

6  TELEPHONE DIALING SYSTEM" or "ATDS" to the extent the Definition

7  exceeds, re-defines, or seeks information beyond that as defined by 47 U.S.C. §

8  227(a)(1) and implementing regulations and case law.  Additionally, this Request is

9  vague and ambiguous as stated.  "[A]n automated or prerecorded voice" cannot and

10  does not "initiat[e]" calls.

11      6.     Defendant objects to the Request's definition of "AUTOMATED

12  CALL" or "AUTOMATED CALLS" and its use of the term ATDS to the same

13  extent as set forth in the preceding paragraph.  Defendant objects to the Request's

14  incorporation of other definitions which are, themselves, vague, ambiguous,

15  overbroad and unduly burdensome, rendering the definition herein unintelligible.

16      7.     Defendant objects to the Request's definition of "CALL" or "CALLS"

17  as vague, ambiguous, overbroad, and unduly burdensome.  Defendant objects to the

18  Request's incorporation of other definitions which are, themselves, vague,

19  ambiguous, overbroad and unduly burdensome, rendering the definition herein

20  unintelligible.  Defendant objects to the Request's definition of NMAC to the extent

21  it seeks production of information by entities who are not parties to this litigation

22  and/or information that is not under the care, custody, or control of NMAC.

23      8.     Defendant objects to the Request's definition of "POLICY" or

24  "POLICIES" as vague, ambiguous, overbroad, and unduly burdensome.  Defendant

25  objects to the Request's incorporation of other definitions which are, themselves,

26  vague, ambiguous, overbroad and unduly burdensome, rendering the definition

27  herein unintelligible.  Defendant objects to the Request to the extent it seeks

28

1  production of information by entities who are not parties to this litigation and/or

2  information that is not under the care, custody, or control of NMAC.

3      9.      Defendant objects to the Request's definition of "THIRD PARTY" or

4  "THIRD PARTIES" as vague, ambiguous, overbroad, and unduly burdensome.

5  Defendant objects to the Request's incorporation of other definitions which are,

6  themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the

7  definition herein unintelligible.  Defendant objects to the Request to the extent it

8  seeks production of information by entities who are not parties to this litigation

9  and/or information that is not under the care, custody, or control of NMAC.

10     10.     Defendant objects to the Request's definition of "YOU" as vague,

11  ambiguous, overbroad, and unduly burdensome, and seeking to impose a meaning

12  on a term beyond its ordinary and typical usage.  Defendant objects to the Request's

13  incorporation of other definitions which are, themselves, vague, ambiguous,

14  overbroad and unduly burdensome, rendering the definition herein unintelligible.

15  Defendant objects to the Request to the extent it seeks production of information by

16  entities who are not parties to this litigation and/or information that is not under the

17  care, custody, or control of NMAC.

18     11.     Defendant objects to the Request's definition of "DATABASE" or

19  "DATABASES" as vague, ambiguous, overbroad, unduly burdensome, and

20  unintelligible.

21     12.     Defendant objects to the Request's definition of "PERSON" or

22  "PERSONS" as vague, ambiguous, overbroad, and unduly burdensome within the

23  context of this litigation.

24     13.     Defendant objects to the Request's definition of "VENDOR" or

25  "VENDORS" as vague, ambiguous, overbroad, and unduly burdensome.

26  Defendant objects to the Request's incorporation of other definitions which are,

27  themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the

28  definition herein unintelligible.  Defendant objects to the Request to the extent it

1   seeks production of information by entities who are not parties to this litigation

2   and/or information that is not under the care, custody, or control of NMAC.

3                           OBJECTIONS TO INSTRUCTIONS

4        1.      Defendant objects to this instruction as seeking to impose obligations

5   beyond those set forth in Federal Rule of Civil Procedure 26(b) and 34.  Defendant

6   objects to the Request's incorporation of other definitions which are, themselves,

7   vague, ambiguous, overbroad and unduly burdensome, rendering the definition

8   herein unintelligible.

9        2.      Defendant objects to this instruction as seeking to impose obligations

10  beyond those required by Federal Rule of Civil Procedure 26(b)(2)(B).  Defendant

11  objects to the Request's incorporation of other definitions which are, themselves,

12  vague, ambiguous, overbroad and unduly burdensome, rendering the definition

13  herein unintelligible.

14       3.      Defendant objects to this instruction as seeking to impose obligations

15  beyond those required by Federal Rule of Civil Procedure 34(b)(2)(C). Defendant

16  objects to the Request's incorporation of other definitions which are, themselves,

17  vague, ambiguous, overbroad and unduly burdensome, rendering the definition

18  herein unintelligible.

19       4.      Defendant objects to this instruction to the extent it calls for

20  information that is not relevant to the Action.

21       5.      Defendant objects to this instruction as vague and ambiguous in its use

22  of the term "computer-readable format" and to the extent it seeks production of

23  information in a way that is not maintained in the usual course of business.

24       6.      Defendant objects to this instruction as vague, ambiguous, overbroad

25  and unduly burdensome.  Defendant objects to this instruction as seeking to impose

26  obligations beyond those set forth in Federal Rule of Civil Procedure 26, and

27  seeking a back-door way around Federal Rule of Civil Procedure 33(a)(1)'s

28  limitation of interrogatories to 25.

1        7.     Defendant objects to this instruction as vague, ambiguous, overbroad,

2   unduly burdensome, and unintelligible.  The instruction, as incorporated into each

3   Request, renders each Request, Definition, or Instruction confusing and

4   unintelligible.

5        8.     Defendant objects to this instruction to the extent it seeks to impose

6   obligations beyond those required by Federal Rule of Civil Procedure 26(e)(1)(A).

7        Subject to and without waiving the foregoing objections, Defendant responds

8   as follows:

9        **REQUESTS FOR PRODUCTION**

10   **REQUEST FOR PRODUCTION NO. 49:**

11        Produce a data compilation of all calls placed by YOU to individuals who are

12   not YOUR customers which were made in connection with any account.  Include all

13   calls placed within the four years preceding the filing of the suit through today's

14   date.  Produce this data compilation in *.csv format.  Include a descriptive header

15   row explaining the content of each column.  Include the following information in the

16   compilation:

17        a.     The date of the call.

18        b.     The outbound ANI.

19        c.     The outbound phone number used to place the call.

20        d.     The identity of the intended party called.

21        e.     If different that the intended party called, identify the party reached.

22        f.     The phone number dialed.

23        g.     The identity of the carrier of the outbound call.

24        h.     The identity of the collector – including any computing system or array

25   of systems – initiating the call.  (If you provide this as a coded identifier, provided a

26   key to the identity of all collectors identified, including the name of any systems

27   identified).

28

1    i.      The outcome of the call, i.e. connected, hung up, answering machine,
2  or prerecorded message left.

3    j.      Whether any outbound, prerecorded message was played to the
4  recipient of the call.

5    k.      Whether an ATDS was used to place the call.

6    1.      Any summary or notes describing the content of the call.

7    m.      The identifier of the business rules, campaign, or instructions which
8  were used to determine whether or when to initiate the call.

9    n.      Whether the call was initiated by collector using their own fingers on
10  the keypad of the telephone.

11    o.      Whether the call was initiated using the collector's computer, using
12  either keyboard or mouse.

13    p.      Whether the recipient provided you with consent for the call.

14    q.      Whether the recipient provided you with consent to receive any
15  prerecorded message.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

17    Defendant incorporates its objections to the Request's use and incorporation
18  of Definitions and Instructions above, and herein states with specificity its grounds
19  for objecting to the Request, including the reasons, and states that to the extent
20  responsive materials exist, such materials are being withheld on the basis of such
21  request.  Defendant objects that it will "not provide discovery of electronically
22  stored information from sources that the party identifies as not reasonably accessible
23  because of undue burden or cost".  F.R.C.P. 26(b)(2)(D).  Expenditure of the
24  resources required to access the contents of Defendant's data in order to produce the
25  compilation requested is, itself, unreasonable.  Defendant's database does not store
26  outgoing calls of persons "who are not YOUR customers".  Defendant's Genesys
27  dialer system can only dial numbers that are stored in Siebel.  Telephone numbers
28  are entered into Siebel when provided by NMAC's customers, and stored in six

Siebel fields.  Accordingly, NMAC's Genesys dialer system can only dial numbers designated as those who "are" YOUR customers.  The telephone numbers of persons "who are not YOUR customers" would be found in the comment screens of various customers' accounts, to which the Genesys dialer system does not have access.  To obtain the numbers of such persons "who are not YOUR customers" is "not reasonably accessible because of undue burden or cost".  F.R.C.P. 26(b)(2)(D). To the extent a non-customer's telephone number accidentally was entered into one of the six Siebel fields to which the Genesys system has access, neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers.  Accordingly, obtaining the numbers of such persons "who are not YOUR customers" is data that is "not reasonably accessible because of undue burden or cost".  F.R.C.P. 26(b)(2)(D).  Moreover, to the extent a non-customer's telephone number was entered into one of the six Siebel fields because such number was provided by an NMAC customer as a number where the customer could be reached, a file by file review would be required to uncover such factual situation and neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers.  Finally, calls placed through Genesys do not distinguish calls placed to cellular telephones versus landlines. *See Doherty v. Comenity Capital Bank & Comenity Bank,* Case No.: 16cv1321-H-BGS, 2017 WL 1885677 (S.D. Cal. 2017) (denying discovery of skip-traced and trapped numbers where a file-by-file review would be required); *Gossett v. CMRE Financial Services,* 2015 WL 6736883, at *1 (S.D.Cal. 2015) (denying "skip tracing" discovery in TCPA case on the basis that third party numbers were never downloaded from the account notes into the dialer). Nor do calls placed through Genesys distinguish between calls for which the called person incurred a charge and calls for which the called person would have incurred no charge based upon the way the called person set up their telephony.  *Klein v. Commerce Energy, Inc.,* 2017 WL 2672290, at *10 (W.D.Pa., 2017).

Defendant objects to this request to the extent it seeks information that is confidential, and/or proprietary in nature, or protected information.  Defendant also objects to this Request on the grounds that it is overbroad, burdensome, and harassing.  For example, this Request necessarily seeks information on, about, or relating to NMAC's customers, who could not possibly be members of the putative class, as defined. (First Amended Complaint, Para. 58(c) (". . .who were not a party to any agreement with NMAC").  The Request also is overbroad as seeking information about persons who were not a party to any agreement with NMAC but for whom there could not possibly be a TCPA violation because the calls were exempt from the TCPA due to the nature of the called parties' telephony, such as calls made to land-lines or calls made through VoiP or telephony in such a way that such person was not charged for the calls.  *Klein v. Commerce Energy, Inc.*, 2017 WL 2672290, at *10 (W.D.Pa., 2017).  Accordingly, this Request necessitates allowing access to and inspection of data regarding persons who could not possibly be members of the putative class and who the class representatives could not possibly represent.

This Request also seeks the confidential and private financial data and non-public information, which NMAC is legally obligated to protect.  See 15 U.S.C. §§ 6801-6809, *Valley Bank of Nevada v. Superior Court* 15 Cal. 3d 652 (1975). Among other things, the nonpublic personal information that may not be disclosed includes telephone numbers.

**REQUEST FOR PRODUCTION NO. 50:**

Produce the written script(s) and or content of any prerecorded messages delivered by YOU, YOUR employees, YOUR agents or contractors to any of the CLASS MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous,

1   overbroad and unduly burdensome.  NMAC responds to this Request as follows:
2   NMAC does not have any script whose purpose is to be used for delivery of
3   prerecorded messages to persons "(c) who were not party to any agreement with
4   NMAC".  (FAC, para. 58(c)).  To the extent this Request calls for production of any
5   pre-recorded message erroneously delivered to a non-customer, NMAC responds as
6   follows:  NMAC has produced any and all information regarding the named
7   Plaintiffs in this Action.  As to others, to the extent a non-customer accidentally was
8   delivered a pre-recorded message due to data entry error whereby the non-
9   customer's number was entered by the customer, due to a customer providing the
10  non-customer's number as his/her own or customer user, or due to transfer of a
11  customer's number to a non-customer, herein states with specificity its grounds for
12  objecting to the Request, including the reasons, and states that to the extent
13  responsive materials exist, such materials are being withheld on the basis of such
14  request.  Defendant objects that it will "not provide discovery of electronically
15  stored information from sources that the party identifies as not reasonably accessible
16  because of undue burden or cost".  F.R.C.P. 26(b)(2)(D).  Expenditure of the
17  resources required to access the contents of Defendant's data in order to produce the
18  compilation requested is, itself, unreasonable.

19  **REQUEST FOR PRODUCTION NO. 51:**

20       Produce any registration for any systems used by YOU, YOUR employees,
21  YOUR agents or contractors to place any of the calls identified above in Request 49.
22  Include any registration within the state of Texas as an Automatic Dial Announcing
23  Device.  See
24  https://www.puc.texas.gov/industry/communications/business/adad/adad.aspx.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

26       Defendant incorporates its objections to the Definitions and Instructions,
27  incorporated and used by this Request, as rendering the Request vague, ambiguous,
28

1    overbroad and unduly burdensome.  Defendant objects to this Request as irrelevant

2    and disproportional under Federal Rule of Civil Procedure 26(b).

3    **REQUEST FOR PRODUCTION NO. 52:**

4         Produce all DOCUMENTS and/or ESI demonstrating that PLAINTIFF or any

5    CLASS MEMBER gave YOU prior express consent to receive CALLS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

7         Defendant incorporates its objections to the Definitions and Instructions,

8    incorporated and used by this Request, as rendering the Request vague, ambiguous,

9    overbroad and unduly burdensome.  Defendant incorporates its objections to the

10   Request's use and incorporation of Definitions and Instructions above, and herein

11   states with specificity its grounds for objecting to the Request, including the reasons,

12   and states that to the extent responsive materials exist, such materials are being

13   withheld on the basis of such request.  Defendant objects that it will "not provide

14   discovery of electronically stored information from sources that the party identifies

15   as not reasonably accessible because of undue burden or cost".  F.R.C.P.

16   26(b)(2)(D).  Expenditure of the resources required to access the contents of

17   Defendant's data in order to produce the compilation requested is, itself,

18   unreasonable.  Defendant's database does not store outgoing calls of persons "who

19   are not YOUR customers".  Defendant's Genesys dialer system can only dial

20   numbers that are stored in Siebel.  Telephone numbers are entered into Siebel when

21   provided by NMAC's customers, and stored in six Siebel fields.  Accordingly,

22   NMAC's Genesys dialer system can only dial numbers designated as those who

23   "are" YOUR customers.  The telephone numbers of persons "who are not YOUR

24   customers" would be found in the comment screens of various customers' accounts,

25   to which the Genesys dialer system does not have access.  To obtain the numbers of

26   such persons "who are not YOUR customers" is "not reasonably accessible because

27   of undue burden or cost".  F.R.C.P. 26(b)(2)(D).  To the extent a non-customer's

28   telephone number was accidentally entered into one of the six Siebel fields to which

the Genesys system has access, neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers. Accordingly, to obtain the numbers of such persons "who are not YOUR customers", and then to compare in the comment screens any and all consents provided by the customer to call such non-customers' telephone numbers, is data that is "not reasonably accessible because of undue burden or cost", and would require not only a file-by-file review but also a file-by-file analysis. F.R.C.P. 26(b)(2)(D). Moreover, to the extent a non-customer's telephone number was entered into one of the six Siebel fields because such number was provided by an NMAC customer as a number where the customer could be reached, a file by file review would be required to uncover such factual situation and neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers.

Defendant objects to this request to the extent it seeks information that is confidential, and/or proprietary in nature, or protected information. Defendant also objects to this Request on the grounds that it is overbroad, burdensome, and harassing. For example, this Request necessarily seeks information on, about, or relating to NMAC's customers, who could not possibly be members of the putative class, as defined. (First Amended Complaint, Para. 58(c) (". . .who were not a party to any agreement with NMAC"). The Request also is overbroad as seeking information about persons who were not a party to any agreement with NMAC but for whom there could not possibly be a TCPA violation because the calls were exempt from the TCPA due to the nature of the called parties' telephony, such as calls made to land-lines or calls made through VoiP or telephony in such a way that such person was not charged for the calls. *Klein v. Commerce Energy, Inc.*, 2017 WL 2672290, at *10 (W.D.Pa., 2017). Accordingly, this Request necessitates allowing access to and inspection of data regarding persons who could not possibly

1  be members of the putative class and who the class representatives could not
2  possibly represent.

3     This Request also seeks the confidential and private financial data and non-
4  public information, which NMAC is legally obligated to protect.  See 15 U.S.C. §§
5  6801-6809. Among other things, the nonpublic personal information that may not be
6  disclosed includes telephone numbers.

7  **REQUEST FOR PRODUCTION NO. 53:**

8     Produce all business rules or instructions that were associated with the each of
9  the campaigns which resulted in a call listed in Request 49.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

11    Defendant incorporates its objections to the Definitions and Instructions,
12 incorporated and used by this Request, as rendering the Request vague, ambiguous,
13 overbroad and unduly burdensome.  Defendant incorporates and restates, as if stated
14 in full, its objection to Request 49.

15 **REQUEST FOR PRODUCTION NO. 54:**

16    Produce all DOCUMENTS and/or ESI referring or relating to the sources of
17 the telephone numbers identified in response to Request 49 were made and/or sent,
18 including but not limited to DOCUMENTS and/or ESI describing the manner in
19 which the telephone numbers were compiled and/or acquired and who compiled
20 them.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

22    Defendant incorporates its objections to the Definitions and Instructions,
23 incorporated and used by this Request, as rendering the Request vague, ambiguous,
24 overbroad and unduly burdensome.  Defendant incorporates and restates, as if stated
25 in full, its objection to Request 49.

26 **REQUEST FOR PRODUCTION NO. 55:**

27    Produce a data compilation identifying the person who requested that NMAC
28 or any of your agents, affiliates or contractor stop making AUTOMATED CALLS

1  to them.  In your response DO NOT INCLUDE any persons who were NMAC

2  customers at the time of the call.  Include all calls placed within the four years

3  preceding the filing of the suit.  Produce this data compilation in *.csv format.

4  Include a descriptive header row explaining the content of each column.  Include the

5  following information in the compilation if available:

6       a.    names,

7       b.    addresses,

8       c.    telephone numbers,

9       d.    and email addresses, and

10       e.    the date of the do not call request

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12       Defendant incorporates its objections to the Definitions and Instructions,

13  incorporated and used by this Request, as rendering the Request vague, ambiguous,

14  overbroad and unduly burdensome.  Without waiving the foregoing, after reasonable

15  and diligent search, NMAC is not aware of "the person" who requested that NMAC

16  or any of its agents, affiliates or contractor stop making AUTOMATED CALLS to

17  them.

18  **REQUEST FOR PRODUCTION NO. 56:**

19       Produce all DOCUMENTS and/or ESI constituting and/or referring to audits,

20  investigations, inquiries, or studies by YOU or any THIRD PARTY, including but

21  not limited to any independent auditor, law firm, or governmental agency, regarding

22  the compliance by NMAC with any state and/or federal laws or regulations

23  involving the use of AUTOMATED CALLS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

25       Defendant incorporates its objections to the Definitions and Instructions,

26  incorporated and used by this Request, as rendering the Request vague, ambiguous,

27  overbroad and unduly burdensome.  Defendant objects to this Request as seeking

28  information protected by the attorney-client and/or work product privilege.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and/or ESI constituting and/or referring to audits, investigations, inquiries, or studies by YOU or any THIRD PARTY, including but not limited to any independent auditor, law firm, or governmental agency, regarding compliance by any of your VENDORS with any state and/or federal laws or regulations involving the use of AUTOMATED CALLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome.  Defendant objects to this Request as seeking information protected by the attorney-client and/or work product privilege.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all DOCUMENTS and/or ESI that define or describe YOUR DOCUMENT and/or ESI retention, preservation, and/or destruction POLICIES, including DOCUMENTS and/or ESI pertaining to contact with CLASS MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome.  Without waiving the foregoing, NMAC responds as follows:  NMAC's investigation is ongoing, within the context of its understanding of this Request.  NMAC reserves the right to supplement this Response.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all automated or prerecorded messages NMAC conveyed or communicated to PLAINTIFF.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

2         Defendant incorporates its objections to the Definitions and Instructions,

3   incorporated and used by this Request, as rendering the Request vague, ambiguous,

4   overbroad and unduly burdensome.  Defendant objects to this Request as seeking

5   information protected by the attorney-client and/or work product privilege.  Without

6   waiving the foregoing, NMAC responds that no automated or prerecorded message

7   was conveyed or communicated to Plaintiff Terteryan, nor does he allege that one

8   was left.  As to named Plaintiffs Marine Davtyan and Tatyana Davtyan, NMAC's

9   investigation is continuing as to whether it has or maintained any recordings of any

10  messages left for Plaintiffs marine Davtyan and Tatyana Davtyan.  NMAC reserves

11  the right to supplement this Response.

12  **REQUEST FOR PRODUCTION NO. 60:**

13        Produce NMAC's organizational chart.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

15        Defendant incorporates its objections to the Definitions and Instructions,

16  incorporated and used by this Request, as rendering the Request vague, ambiguous,

17  overbroad and unduly burdensome.  NMAC objects to this Request as seeking

18  irrelevant and proprietary information.

19

20  DATED:  July 6, 2017           SEVERSON & WERSON

21                                 A Professional Corporation

22

23                             By:

24                                     Scott J. Hyman

25

26                             Attorneys for Defendant

27                             NISSAN MOTOR ACCEPTANCE CORPORATION

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, _ANDREW SOROS_ , am authorized to make this verification on behalf of defendant NISSAN MOTOR ACCEPTANCE CORPORATION.

I have read the foregoing **NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** and know its contents. I am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on this _6 th_ day of July, 2017, in _IRVING, TX_ .

By: _[signature]_

**PROOF OF SERVICE**
**Terteryan v. Nissan Motor Acceptance Corporation**
**USDC Central District Case No. 2:16-cv-02029 GW (KSx)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 6, 2017, I served true copies of the following document(s):

**NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2017, at Irvine, California.

_____
Dana Rae Armbruster

06888.0238/10769400.3

1

**SERVICE LIST**
**Terteryan v. Nissan Motor Acceptance Corporation**

2

**USDC Central District Case No. 2:16-cv-02029 GW (KSx)**

3 | Bryan Kemnitzer, Esq.                          Attorneys for Plaintiff
  | Nancy Barron, Esq.                            ARAM TERTERYAN and the putative class
4 | Kristin Kemnitzer, Esq.
  | Adam J. McNeile, Esq.                         Telephone:  (415) 632-1900
5 | KEMNITZER, BARRON, & KRIEG, LLP               bryan@kbklegal.com
  | 445 Bush St., 6th Fl.                         nancy@kbklegal.com
6 | San Francisco, CA  94108                      kristin@kbklegal.com
  |                                               adam@kbklegal.com
7 |
  | Ian Lyngklip, Esq.                            Attorneys for Plaintiff
8 | Priya Bali, Esq.                              ARAM TERTERYAN and the putative class
  | LYNGKLIP & ASSOCIATES, PLC
9 | 24500 Northwestern Hwy., Suite 206            Telephone:  (248) 208-8864
  | Southfield, MI  48075                         ian@michiganconsumerlaw.com
10 |                                              priya@michiganconsumerlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## PROOF OF SERVICE
### Terteryan v. Nissan Motor Acceptance Corporation
### USDC Central District Case No. 2:16-cv-02029 GW (KSx)

3
4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

5

On July 6, 2017, I served true copies of the following document(s):

6
7

**NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

8

on the interested parties in this action as follows:

9

### SEE ATTACHED SERVICE LIST

10
11
12
13

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
15

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

Executed on July 6, 2017, at Irvine, California.

17
18
19

_____
Dana Rae Armbruster

20
21
22
23
24
25
26
27
28

06888.0238/10769400.3

1

**SERVICE LIST**
**Terteryan v. Nissan Motor Acceptance Corporation**

2
**USDC Central District Case No. 2:16-cv-02029 GW (KSx)**

3    Bryan Kemnitzer, Esq.                    Attorneys for Plaintiff
     Nancy Barron, Esq.                       ARAM TERTERYAN and the putative class
4    Kristin Kemnitzer, Esq.
     Adam J. McNeile, Esq.                    Telephone:  (415) 632-1900
5    KEMNITZER, BARRON, & KRIEG, LLP          bryan@kbklegal.com
     445 Bush St., 6th Fl.                    nancy@kbklegal.com
6    San Francisco, CA  94108                 kristin@kbklegal.com
                                              adam@kbklegal.com
7

8    Ian Lyngklip, Esq.                       Attorneys for Plaintiff
     Priya Bali, Esq.                         ARAM TERTERYAN and the putative class
     LYNGKLIP & ASSOCIATES, PLC
9    24500 Northwestern Hwy., Suite 206       Telephone:  (248) 208-8864
     Southfield, MI  48075                    ian@michiganconsumerlaw.com
10                                            priya@michiganconsumerlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06888.0238/10769400.3

FILE COPY
7/28/17

SCANNED



1  SCOTT J. HYMAN (State Bar No. 148709)
   sjh@severson.com
2  GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
   grw@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Avenue, Suite 700
5  Irvine, California 92612
   Telephone: (949) 442-7110
6  Facsimile: (949) 442-7118

7  DUANE M. GECK (State Bar No. 114823)
   dmg@severson.com
8  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
9  SEVERSON & WERSON
   A Professional Corporation
10 One Embarcadero Center, Suite 2600
   San Francisco, California 94111
11 Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

12

13 Attorneys for Defendant
   NISSAN MOTOR ACCEPTANCE CORPORATION

14            UNITED STATES DISTRICT COURT

15    CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

16 ARAM TERTERYAN, individually         Case No. 2:16-cv-02029 GW (KSx)
   and on behalf of all others similarly  Hon. George H. Wu
17 situated,                            Ctrm. 9D – 1st Street

18            Plaintiff,               **CLASS ACTION**

19       vs.                          **NISSAN MOTOR ACCEPTANCE
                                      CORPORATION'S
20 NISSAN MOTOR ACCEPTANCE            SUPPLEMENTAL RESPONSE TO
   CORPORATION,                       PLAINTIFFS' THIRD SET OF
21                                    REQUESTS FOR PRODUCTION
            Defendant.                OF DOCUMENTS**
22
                                      Action Filed:  March 24, 2016
23                                    Trial Date:    None Set

24       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant

25 NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant") supplements

26 its responses to Plaintiffs ARAM TERTERYAN, TATYANA DAVTYAN and

27

28

1  MARINE DAVTYAN's (collectively, "Plaintiffs") third set of Requests for

2  Production as follows:

3                          **INTRODUCTION**

4        Defendant has not completed its investigation of the facts related to this case,

5  nor has it completed discovery with regard to Plaintiffs' claims.  The following

6  responses are given without prejudice to Defendant's right to produce evidence of

7  any subsequently discovered facts.  The following responses are based only upon

8  the information that is presently known to Defendant.  Further, Defendant reserves

9  the right to supplement or amend its responses if additional information is

10  discovered or located.

11                     **GENERAL OBJECTIONS**

12        1.      These responses are made solely for the purpose of this action.  Each

13  response is subject to all objections as to competence, relevance, materiality,

14  propriety, admissibility and any and all other objections on the grounds that would

15  require the exclusion of any statement herein if any request for admission were

16  asked for, or if any statement contained herein were made by a witness present and

17  testifying in court, all of which objections and grounds are reserved and may be

18  interposed at the time of the trial.

19        2.      Defendant is responding to all of the requests to the extent that

20  information has become known to it.  However, Defendant's discovery,

21  investigation, and preparation for trial of this matter has not been completed as of

22  the date of these responses and, therefore, Defendant does not purport to state

23  anything more than information currently known.

24        3.      Defendant reserves the right to continue discovery and investigation in

25  this matter regarding facts, witnesses, and supporting date.  Consequently, these

26  requests are responded to fully and so far as information is currently available to

27

28

1    Defendant, and Defendant is not precluded from presenting at trial information

2    discovered after the date of these responses to these requests.

3         4.    Defendant objects to each request to the extent it seeks information in

4    Plaintiffs' possession or equally available to Plaintiffs, from public records and/or

5    sources other than Defendant.

6         5.    Defendant objects to each and every request to the extent disclosure or

7    production of information or documents would violate the rights to privacy of

8    others, as protected by federal law.

9         6.    Defendant objects to each and every request to the extent that the

10   request seeks information subject to the attorney-client privilege, the attorney work-

11   product privilege, trade secret, private and/or sensitive or confidential information,

12   or any other applicable privilege.

13        7.    Defendant objects to each and every request to the extent that it seeks

14   information or documents from persons or entities on the ground that such a demand

15   is costly, burdensome, oppressive, or unreasonable, and on the further ground that

16   the law does not require a party to locate documents or compile information in the

17   possession of others.

18        8.    These general objections are incorporated by reference into each and

19   every response as if fully set forth.

20                    **OBJECTIONS TO DEFINITIONS**

21        1.    Defendant objects to the Request's definition of "DOCUMENT", and

22   its incorporation of the term ELECTRONICALLY STORED INFORMATION

23   ("ESI") as calling for the production of information beyond the scope of Federal

24   Rule of Civil Procedure 34(a)(1)(A)'s definition of ESI.    Defendant objects to the

25   Request's definition of and use of the term as vague and ambiguous to the extent it

26   applies a meaning to the defined term beyond its customary and ordinary usage.

27   Defendant objects to the Request's definition as overbroad, unduly burdensome,

28

1   and calling for the production of proprietary and confidential information.

2   Defendant objects to this definition to the extent it can be interpreted as calling for

3   the production of attorney-client privileged and/or attorney-work production

4   protected information.  Defendant objects to the Request's incorporation of other

5   definitions which are, themselves, vague, ambiguous, overbroad and unduly

6   burdensome, rendering the definition herein unintelligible.

7          2.       Defendant objects to the Request's definition of ELECTRONICALLY

8   STORED INFORMATION ("ESI") to the extent the use of such term is beyond the

9   scope of Federal Rule of Civil Procedure 34(a)(1)(A)'s definition of ESI.

10  Defendant objects to the Request's definition of and use of the term ESI as

11  overbroad, unduly burdensome, and calling for the production of proprietary and

12  confidential information.  Defendant objects to this definition to the extent it can be

13  interpreted as calling for the production of attorney-client privileged and/or

14  attorney-work production protected information.  Defendant objects to the

15  Request's incorporation of other definitions which are, themselves, vague,

16  ambiguous, overbroad and unduly burdensome, rendering the definition herein

17  unintelligible.

18         3.       Defendant objects to the Request's definition of "CLASS MEMBER"

19  as vague, ambiguous, and unintelligible in its requirement that a PERSON "satisfy

20  the any" definition of the classmembers.   The Definition is vague, ambiguous,

21  overbroad, and unduly burdensome its incorporation of the Request's definition of

22  "PERSON", which purports to include persons or entities who could not possibly

23  participate in any putative class, such as, for example, any "governmental or

24  administrative body".  Defendant objects to the Request's incorporation of other

25  definitions which are, themselves, vague, ambiguous, overbroad and unduly

26  burdensome, rendering the definition herein unintelligible.  The Definition is vague,

27  ambiguous, and unintelligible in the fail-safe nature of the Definition itself –

28

1   namely, that a "PERSON" only becomes a "CLASS MEMBER" if the "satisfy[] the

2   any definition of the class members set forth in the operative complaint".

3       4.      Defendant objects to the Request's definition of NMAC to the extent it

4   seeks production of information by entities who are not parties to this litigation

5   and/or information that is not under the care, custody, or control of NMAC.

6   Defendant objects to the Request's incorporation of other definitions which are,

7   themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the

8   definition herein unintelligible.

9       5.      Defendant objects to the Request's definition of "AUTOMATIC

10  TELEPHONE DIALING SYSTEM" or "ATDS" to the extent the Definition

11  exceeds, re-defines, or seeks information beyond that as defined by 47 U.S.C. §

12  227(a)(1) and implementing regulations and case law.  Additionally, this Request is

13  vague and ambiguous as stated.  "[A]n automated or prerecorded voice" cannot and

14  does not "initiat[e]" calls.

15      6.      Defendant objects to the Request's definition of "AUTOMATED

16  CALL" or "AUTOMATED CALLS" and its use of the term ATDS to the same

17  extent as set forth in the preceding paragraph.  Defendant objects to the Request's

18  incorporation of other definitions which are, themselves, vague, ambiguous,

19  overbroad and unduly burdensome, rendering the definition herein unintelligible.

20      7.      Defendant objects to the Request's definition of "CALL" or "CALLS"

21  as vague, ambiguous, overbroad, and unduly burdensome.  Defendant objects to the

22  Request's incorporation of other definitions which are, themselves, vague,

23  ambiguous, overbroad and unduly burdensome, rendering the definition herein

24  unintelligible.  Defendant objects to the Request's definition of NMAC to the extent

25  it seeks production of information by entities who are not parties to this litigation

26  and/or information that is not under the care, custody, or control of NMAC.

27

28

1    8.    Defendant objects to the Request's definition of "POLICY" or

2  "POLICIES" as vague, ambiguous, overbroad, and unduly burdensome.  Defendant

3  objects to the Request's incorporation of other definitions which are, themselves,

4  vague, ambiguous, overbroad and unduly burdensome, rendering the definition

5  herein unintelligible.  Defendant objects to the Request to the extent it seeks

6  production of information by entities who are not parties to this litigation and/or

7  information that is not under the care, custody, or control of NMAC.

8    9.    Defendant objects to the Request's definition of "THIRD PARTY" or

9  "THIRD PARTIES" as vague, ambiguous, overbroad, and unduly burdensome.

10  Defendant objects to the Request's incorporation of other definitions which are,

11  themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the

12  definition herein unintelligible.  Defendant objects to the Request to the extent it

13  seeks production of information by entities who are not parties to this litigation

14  and/or information that is not under the care, custody, or control of NMAC.

15    10.    Defendant objects to the Request's definition of "YOU" as vague,

16  ambiguous, overbroad, and unduly burdensome, and seeking to impose a meaning

17  on a term beyond its ordinary and typical usage.  Defendant objects to the Request's

18  incorporation of other definitions which are, themselves, vague, ambiguous,

19  overbroad and unduly burdensome, rendering the definition herein unintelligible.

20  Defendant objects to the Request to the extent it seeks production of information by

21  entities who are not parties to this litigation and/or information that is not under the

22  care, custody, or control of NMAC.

23    11.    Defendant objects to the Request's definition of "DATABASE" or

24  "DATABASES" as vague, ambiguous, overbroad, unduly burdensome, and

25  unintelligible.

26

27

28

12.      Defendant objects to the Request's definition of "PERSON" or "PERSONS" as vague, ambiguous, overbroad, and unduly burdensome within the context of this litigation.

13.      Defendant objects to the Request's definition of "VENDOR" or "VENDORS" as vague, ambiguous, overbroad, and unduly burdensome. Defendant objects to the Request's incorporation of other definitions which are, themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the definition herein unintelligible.  Defendant objects to the Request to the extent it seeks production of information by entities who are not parties to this litigation and/or information that is not under the care, custody, or control of NMAC.

## OBJECTIONS TO INSTRUCTIONS

1.      Defendant objects to this instruction as seeking to impose obligations beyond those set forth in Federal Rule of Civil Procedure 26(b) and 34.  Defendant objects to the Request's incorporation of other definitions which are, themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the definition herein unintelligible.

2.      Defendant objects to this instruction as seeking to impose obligations beyond those required by Federal Rule of Civil Procedure 26(b)(2)(B).  Defendant objects to the Request's incorporation of other definitions which are, themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the definition herein unintelligible.

3.      Defendant objects to this instruction as seeking to impose obligations beyond those required by Federal Rule of Civil Procedure 34(b)(2)(C). Defendant objects to the Request's incorporation of other definitions which are, themselves, vague, ambiguous, overbroad and unduly burdensome, rendering the definition herein unintelligible.

1        4.    Defendant objects to this instruction to the extent it calls for

2    information that is not relevant to the Action.

3        5.    Defendant objects to this instruction as vague and ambiguous in its use

4    of the term "computer-readable format" and to the extent it seeks production of

5    information in a way that is not maintained in the usual course of business.

6        6.    Defendant objects to this instruction as vague, ambiguous, overbroad

7    and unduly burdensome.  Defendant objects to this instruction as seeking to impose

8    obligations beyond those set forth in Federal Rule of Civil Procedure 26, and

9    seeking a back-door way around Federal Rule of Civil Procedure 33(a)(1)'s

10   limitation of interrogatories to 25.

11       7.    Defendant objects to this instruction as vague, ambiguous, overbroad,

12   unduly burdensome, and unintelligible.  The instruction, as incorporated into each

13   Request, renders each Request, Definition, or Instruction confusing and

14   unintelligible.

15       8.    Defendant objects to this instruction to the extent it seeks to impose

16   obligations beyond those required by Federal Rule of Civil Procedure 26(e)(1)(A).

17       Subject to and without waiving the foregoing objections, Defendant responds

18   as follows:

19                   **REQUESTS FOR PRODUCTION**

20   **REQUEST FOR PRODUCTION NO. 1:**

21       Produce all automated or prerecorded messages NMAC conveyed or

22   communicated to PLAINTIFF.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

24       Defendant incorporates its objections to the Definitions and Instructions,

25   incorporated and used by this Request, as rendering the Request vague, ambiguous,

26   overbroad and unduly burdensome.  Defendant objects to this Request as seeking

27   information protected by the attorney-client and/or work product privilege.  Without

28

1   waiving the foregoing, NMAC responds that no automated or prerecorded message
2   was conveyed or communicated to Plaintiff Terteryan, nor does he allege that one
3   was left.  As to named Plaintiffs Marine Davtyan and Tatyana Davtyan, NMAC's
4   investigation is continuing as to whether it has or maintained any recordings of any
5   messages left for Plaintiffs marine Davtyan and Tatyana Davtyan.  NMAC reserves
6   the right to supplement this Response.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8        Defendant incorporates its objections to the Definitions and Instructions,
9   incorporated and used by this Request, as rendering the Request vague, ambiguous,
10  overbroad and unduly burdensome.  Defendant objects to this Request as seeking
11  information protected by the attorney-client and/or work product privilege.  Without
12  waiving the foregoing, NMAC responds that no automated or prerecorded message
13  was conveyed or communicated to Plaintiff Terteryan, nor does he allege that one
14  was left.  As to named Plaintiffs Marine Davtyan and Tatyana Davtyan, NMAC will
15  produce such automated or prerecorded message.

16

17  DATED:  July 28, 2017              SEVERSON & WERSON
18                                    A Professional Corporation
19
20                                    By: _____
21                                          Genevieve R. Walser-Jolly
22
23                                    Attorneys for Defendant
                                      NISSAN MOTOR ACCEPTANCE
24                                    CORPORATION
25
26
27
28

**VERIFICATION**

I, _Andrew Soros_ , am authorized to make this verification on behalf of defendant NISSAN MOTOR ACCEPTANCE CORPORATION.

I have read the foregoing **NISSAN MOTOR ACCEPTANCE CORPORATION'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS,** and know its contents.  I am informed and believe that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed on this _25th_ day of July, 2017, in _IRVING, TX_ .

By: _Andrew Soros_

06888.0238/10769400.3

NISSAN MOTOR ACCEPTANCE CORPORATION'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION

**PROOF OF SERVICE**
**Terteryan v. Nissan Motor Acceptance Corporation**
**USDC Central District Case No. 2:16-cv-02029 GW (KSx)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 28, 2017, I served true copies of the following document(s): **NISSAN MOTOR ACCEPTANCE CORPORATION'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| Bryan Kemnitzer, Esq.<br>Nancy Barron, Esq.<br>Kristin Kemnitzer, Esq.<br>Adam J. McNeile, Esq.<br>KEMNITZER, BARRON, & KRIEG, LLP<br>445 Bush St., 6th Fl.<br>San Francisco, CA 94108 | Attorneys for Plaintiff<br>ARAM TERTERYAN and the putative class<br><br>Telephone: (415) 632-1900<br>bryan@kbklegal.com<br>nancy@kbklegal.com<br>kristin@kbklegal.com<br>adam@kbklegal.com |
| Ian Lyngklip, Esq.<br>Priya Bali, Esq.<br>LYNGKLIP & ASSOCIATES, PLC<br>24500 Northwestern Hwy., Suite 206<br>Southfield, MI 48075 | Attorneys for Plaintiff<br>ARAM TERTERYAN and the putative class<br><br>Telephone: (248) 208-8864<br>ian@michiganconsumerlaw.com<br>priya@michiganconsumerlaw.com |

**[X]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2017, at Irvine, California.

_____
Matthew N. Tran

