**EXHIBIT 3**

SCANNED FILE COPY 07/06/2017

SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
grw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

DUANE M. GECK (State Bar No. 114823)
dmg@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NISSAN MOTOR ACCEPTANCE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| ARAM TERTERYAN, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-02029 GW (KSx)<br>Hon. George H. Wu<br>Ctrm. 9D – 1st Street |
| Plaintiff, | **CLASS ACTION** |
| vs. | **NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' REQUEST FOR INSPECTION TO DATA SAMPLE** |
| NISSAN MOTOR ACCEPTANCE CORPORATION, | |
| Defendant. | Action Filed: March 24, 2016<br>Trial Date: None Set |

Pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure, defendant NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant") responds to Plaintiffs ARAM TERTERYAN, TATYANA DAVTYAN and MARINE DAVTYAN's (collectively, "Plaintiffs") Request for Inspection to Data Sample as follows:

## INTRODUCTION

Defendant has not completed its investigation of the facts related to this case, nor has it completed discovery with regard to Plaintiffs' claims. The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered facts. The following responses are based only upon the information that is presently known to Defendant. Further, Defendant reserves the right to supplement or amend its responses if additional information is discovered or located.

## GENERAL OBJECTIONS

1. These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all other objections on the grounds that would require the exclusion of any statement herein if any request for admission were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of the trial.

2. Defendant is responding to all of the requests to the extent that information has become known to it. However, Defendant's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, Defendant does not purport to state anything more than information currently known.

3. Defendant reserves the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting date. Consequently, these requests are responded to fully and so far as information is currently available to Defendant, and Defendant is not precluded from presenting at trial information discovered after the date of these responses to these requests.

4. Defendant objects to each request to the extent it seeks information in Plaintiffs' possession or equally available to Plaintiffs, from public records and/or sources other than Defendant.

5. Defendant objects to each and every request to the extent disclosure or production of information or documents would violate the rights to privacy of others, as protected by federal law.

6. Defendant objects to each and every request to the extent that the request seeks information subject to the attorney-client privilege, the attorney work-product privilege, trade secret, private and/or sensitive or confidential information, or any other applicable privilege.

7. Defendant objects to each and every request to the extent that it seeks information or documents from persons or entities on the ground that such a demand is costly, burdensome, oppressive, or unreasonable, and on the further ground that the law does not require a party to locate documents or compile information in the possession of others.

8. These general objections are incorporated by reference into each and every response as if fully set forth.

**REQUESTS FOR INSPECTION TO DATA SAMPLE**

**REQUEST FOR INSPECTION NO. 1:**

PRODUCE FOR INSPECTION AND DATA EXTRACTION BY OUR EXPERT: Your complete database of collection activity including the Oracle Seibel and OBIEE systems.

**RESPONSE TO REQUEST FOR INSPECTION NO. 1:**

Defendant objects to this request to the extent it seeks information that is confidential, and/or proprietary in nature, or protected information. Defendant also objects to this Request on the grounds that it is overbroad, burdensome, and harassing. For example, this Request necessarily seeks information on, about, or relating to NMAC's customers, who could not possibly be members of the putative

1  class, as defined. (First Amended Complaint, Para. 58(c) ("...who were not a party
2  to any agreement with NMAC"). The Request also is overbroad as seeking
3  information about persons who were not a party to any agreement with NMAC but
4  for whom there could not possibly be a TCPA violation because the calls were
5  exempt from the TCPA due to the nature of the called parties' telephony, including
6  but not limited to calls made to land-lines or calls made through VoIP or telephony
7  in such a way that such person was not charged for the calls. *Klein v. Commerce*
8  *Energy, Inc.*, 2017 WL 2672290, at *10 (W.D.Pa., 2017). Accordingly, this Request
9  necessitates allowing access to and inspection of data regarding persons who could
10 not possibly be members of the putative class and who the class representatives
11 could not possibly represent.
12        This Request also seeks the confidential and private financial data and non-
13 public information of NMAC's customers and other third parties. NMAC is legally
14 obligated to protect the privacy and confidentiality rights of its customers under the
15 GLBA. See 15 U.S.C. §§ 6801-6809. Pursuant to the GLBA, NMAC is prohibited
16 from "disclos[ing] to a nonaffiliated third party any nonpublic personal information"
17 relating to its customers. 15 U.S.C. § 6802(a). Among other things, the nonpublic
18 personal information that may not be disclosed includes a customer's telephone
19 number. As explained by the Federal Trade Commission, "Many companies collect
20 personal information from their customers, including names, addresses, and phone
21 numbers; bank and credit card account numbers; income and credit histories; and
22 Social Security numbers. The Gramm-Leach-Bliley (GLB) Act requires companies
23 defined under the law as "financial institutions" to ensure the security and
24 confidentiality of this type of information." *Federal Trade Commission, Financial*
25 *Institutions and Customer Information: Complying with the Safeguards Rule*,
26 https://www.ftc.gov/tips-advice/business-center/guidance/financial-institutions-
27 customer-information-complying (last visited May 15, 2017) (emphasis added). *See*
28 *also Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652 (1975).

1  Finally, the request for an inspection is overbroad, unduly burdensome, and
2  disproportional. *See* Federal Rule of Civil Procedure 26(b); *Al-Zaharnah v.*
3  *Innovative Loan Servicing Company,* 2015 WL 5897685, at *2 (M.D.Fla., 2015)
4  ("[T]he Court finds that the burden of the requested discovery [a site inspection of
5  Defendant's call center] outweighs its likely benefit"); *accord Bill v. NCO*
6  *Financial Systems, Inc.,* 2015 WL 5715402, at *2 (M.D.Fla., 2015); *Walker v.*
7  *Credit Protection Ass'n, LP,* 2015 WL 5522000, at *3-4 (M.D.Fla.,2015) (denying
8  on-site inspection of Defendant's call center because, in part, "Defendant's
9  telephone system and related software contain non-public information regarding
10 third parties").
11 **REQUEST FOR INSPECTION NO. 2:**
12        PRODUCE FOR INSPECTION AND DATA EXTRACTION BY OUR
13 **EXPERT:** Your complete database of dialing activity related to the operation of the
14 Genesys system and its associated hardware and software.
15 **RESPONSE TO REQUEST FOR INSPECTION NO. 2:**
16        Defendant objects to this request to the extent it seeks information that is
17 confidential, and/or proprietary in nature, or protected information. Defendant also
18 objects to this Request on the grounds that it is overbroad, burdensome, and
19 harassing. For example, this Request necessarily seeks information on, about, or
20 relating to NMAC's customers, who could not possibly be members of the putative
21 class, as defined. (First Amended Complaint, Para. 58(c) (". . .who were not a party
22 to any agreement with NMAC"). The Request also is overbroad as seeking
23 information about persons who were not a party to any agreement with NMAC but
24 for whom there could not possibly be a TCPA violation because the calls were
25 exempt from the TCPA due to the nature of the called parties' telephony, including
26 but not limited to calls made to land-lines or calls made through VoiP or telephony
27 in such a way that such person was not charged for the calls. *Klein v. Commerce*
28 *Energy, Inc.,* 2017 WL 2672290, at *10 (W.D.Pa., 2017). Accordingly, this Request

necessitates allowing access to and inspection of data regarding persons who could not possibly be members of the putative class and who the class representatives could not possibly represent.

This Request also seeks the confidential and private financial data and non-public information of NMAC's customers and other third parties. NMAC is legally obligated to protect the privacy and confidentiality rights of its customers under the GLBA. See 15 U.S.C. §§ 6801-6809. Pursuant to the GLBA, NMAC is prohibited from "disclos[ing] to a nonaffiliated third party any nonpublic personal information" relating to its customers. 15 U.S.C. § 6802(a). Among other things, the nonpublic personal information that may not be disclosed includes a customer's telephone number. As explained by the Federal Trade Commission, "Many companies collect personal information from their customers, including names, addresses, and phone numbers; bank and credit card account numbers; income and credit histories; and Social Security numbers. The Gramm-Leach-Bliley (GLB) Act requires companies defined under the law as "financial institutions" to ensure the security and confidentiality of this type of information." *Federal Trade Commission, Financial Institutions and Customer Information: Complying with the Safeguards Rule,* https://www.ftc.gov/tips-advice/business-center/guidance/financial-institutions-customer-information-complying (last visited May 15, 2017) (emphasis added). *See also Valley Bank of Nevada v. Superior Court,* 15 Cal.3d 652 (1975).

Finally, the request for an inspection is overbroad, unduly burdensome, and disproportional. *See* Federal Rule of Civil Procedure 26(b); *Al-Zaharnah v. Innovative Loan Servicing Company,* 2015 WL 5897685, at *2 (M.D.Fla., 2015) ("[T]he Court finds that the burden of the requested discovery [a site inspection of Defendant's call center] outweighs its likely benefit"); *accord Bill v. NCO Financial Systems, Inc.,* 2015 WL 5715402, at *2 (M.D.Fla., 2015); *Walker v. Credit Protection Ass'n, LP,* 2015 WL 5522000, at *3-4 (M.D.Fla., 2015) (denying on-site inspection of Defendant's call center because, in part, "Defendant's

telephone system and related software contain non-public information regarding third parties").

**REQUEST FOR INSPECTION NO. 3:**

PRODUCE FOR INSPECTION AND DATA EXTRACTION BY OUR EXPERT: Your Genesys dialing system and its associated hardware and software.

**RESPONSE TO REQUEST FOR INSPECTION NO. 3:**

Defendant objects to this request to the extent it seeks information that is confidential, and/or proprietary in nature, or protected information. Defendant also objects to this Request on the grounds that it is overbroad, burdensome, and harassing. For example, this Request necessarily seeks information on, about, or relating to NMAC's customers, who could not possibly be members of the putative class, as defined. (First Amended Complaint, Para. 58(c) ("...who were not a party to any agreement with NMAC"). The Request also is overbroad as seeking information about persons who were not a party to any agreement with NMAC but for whom there could not possibly be a TCPA violation because the calls were exempt from the TCPA due to the nature of the called parties' telephony, including but not limited to calls made to land-lines or calls made through VoiP or telephony in such a way that such person was not charged for the calls. *Klein v. Commerce Energy, Inc.*, 2017 WL 2672290, at *10 (W.D.Pa., 2017). Accordingly, this Request necessitates allowing access to and inspection of data regarding persons who could not possibly be members of the putative class and who the class representatives could not possibly represent.

This Request also seeks the confidential and private financial data and non-public information of NMAC's customers and other third parties. NMAC is legally obligated to protect the privacy and confidentiality rights of its customers under the GLBA. See 15 U.S.C. §§ 6801-6809. Pursuant to the GLBA, NMAC is prohibited from "disclos[ing] to a nonaffiliated third party any nonpublic personal information" relating to its customers. 15 U.S.C. § 6802(a). Among other things, the nonpublic

NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' REQUEST FOR INSPECTION TO DATA SAMPLE

personal information that may not be disclosed includes a customer's telephone number. As explained by the Federal Trade Commission, "Many companies collect personal information from their customers, including names, addresses, and phone numbers; bank and credit card account numbers; income and credit histories; and Social Security numbers. The Gramm-Leach-Bliley (GLB) Act requires companies defined under the law as "financial institutions" to ensure the security and confidentiality of this type of information." *Federal Trade Commission, Financial Institutions and Customer Information: Complying with the Safeguards Rule*, https://www.ftc.gov/tips-advice/business-center/guidance/financial-institutions-customer-information-complying (last visited May 15, 2017) (emphasis added). *See also Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652 (1975).

Finally, the request for an inspection is overbroad, unduly burdensome, and disproportional. *See* Federal Rule of Civil Procedure 26(b); *Al-Zaharnah v. Innovative Loan Servicing Company,* 2015 WL 5897685, at *2 (M.D.Fla., 2015) ("[T]he Court finds that the burden of the requested discovery [a site inspection of Defendant's call center] outweighs its likely benefit"); *accord Bill v. NCO Financial Systems, Inc.,* 2015 WL 5715402, at *2 (M.D.Fla., 2015); *Walker v. Credit Protection Ass'n, LP,* 2015 WL 5522000, at *3-4 (M.D.Fla.,2015) (denying on-site inspection of Defendant's call center because, in part, "Defendant's telephone system and related software contain non-public information regarding third parties").

| | | |
|---|---|---|
| 1 | DATED: July 6, 2017 | SEVERSON & WERSON<br>A Professional Corporation |
| | | |
| | | By: _____<br>Scott J. Hyman<br>Attorneys for Defendant<br>NISSAN MOTOR ACCEPTANCE<br>CORPORATION |

**PROOF OF SERVICE**
**Terteryan v. Nissan Motor Acceptance Corporation**
**USDC Central District Case No. 2:16-cv-02029 GW (KSx)**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On July 6, 2017, I served true copies of the following document(s):

**NISSAN MOTOR ACCEPTANCE CORPORATION'S RESPONSE TO PLAINTIFFS' REQUEST FOR INSPECTION TO DATA SAMPLE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2017, at Irvine, California.

_____
Dana Rae Armbruster

## SERVICE LIST
### Terteryan v. Nissan Motor Acceptance Corporation
### USDC Central District Case No. 2:16-cv-02029 GW (KSx)

| | |
|---|---|
| Bryan Kemnitzer, Esq.<br>Nancy Barron, Esq.<br>Kristin Kemnitzer, Esq.<br>Adam J. McNeile, Esq.<br>KEMNITZER, BARRON, & KRIEG, LLP<br>445 Bush St., 6th Fl.<br>San Francisco, CA 94108 | Attorneys for Plaintiff<br>ARAM TERTERYAN and the putative class<br><br>Telephone: (415) 632-1900<br>bryan@kbklegal.com<br>nancy@kbklegal.com<br>kristin@kbklegal.com<br>adam@kbklegal.com |
| Ian Lyngklip, Esq.<br>Priya Bali, Esq.<br>LYNGKLIP & ASSOCIATES, PLC<br>24500 Northwestern Hwy., Suite 206<br>Southfield, MI 48075 | Attorneys for Plaintiff<br>ARAM TERTERYAN and the putative class<br><br>Telephone: (248) 208-8864<br>ian@michiganconsumerlaw.com<br>priya@michiganconsumerlaw.com |