UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 16-2029-GW (KSx)                                               Date: October 19, 2017

Title      *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

   Roxanne Horan-Walker                                N/A
       Deputy Clerk                          Court Reporter / Recorder

   Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INSPECTION**

Before the Court is Plaintiffs' Motion to Compel Production of Documents and Inspection, filed on September 11, 2017 pursuant to Local Rule 37-2 (the "Motion"). (Dkt. Nos. 64, 68.) On October 16, 2017, the Court held oral argument on the Motion and took the matter under submission. (*See* Dkt. No.73.)

The undersigned has considered the parties' joint statement and related exhibits, oral arguments, and relevant portions of the record in this case and, for the reasons discussed below, the Motion is GRANTED in part and DENIED in part.

FACTUAL BACKGROUND

Plaintiffs commenced this putative class action against defendant Nissan Motor Acceptance Corporation ("NMAC") on March 24, 2016 for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). (Dk. No. 1.) Plaintiffs, on behalf of themselves and others similarly situated, allege that NMAC used an automatic telephone dialing system to make unsolicited and unauthorized telephone calls to cell phone numbers of non-consenting individuals who were not NMAC customers but were listed as "a borrower's references or acquaintances in an attempt to collect a delinquent debt from the [NMAC] borrower." (Complaint at ¶ 2.) Plaintiffs further allege "NMAC places these calls to references using and [sic] automated telephone dialing systems. NMAC does not obtain the consent of the reference for these calls." (*Id.* at ¶ 4.) Specifically, "Plaintiff is among those persons whose cellular telephone number NMAC obtained as a reference for or acquaintance of a third-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 16-2029-GW (KSx)                                         Date: October 19, 2017
Title       *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

borrower and whom NMAC subsequently called while attempting to collect a debt from that borrower." (*Id*. at ¶ 6.)

Because the putative class consists of individuals who were *not* NMAC customers, Plaintiffs have engaged in substantial discovery in an effort to identify potential class members and thereby obtain evidence sufficient to support class certification. (*See* Motion at 3-4.) The Motion concerns requests for production ("RFPs") and a Request for Inspection that seek calling records and other ESI from NMAC's electronic call databases and customer servicing records for a five year period dating back to 2012. (*Id*.)

### THE REQUESTS AND RESPONSES AT ISSUE

**I.   Requests for Production**

The Motion addresses the following disputed RFPs and Responses from Plaintiffs' Third Set of Requests for Production of Documents:[1]

**Request No. 49**:

> Produce a data compilation of all calls placed by YOU to individuals who are not YOUR customers which were made in connection with any account. Include all calls placed within the four years preceding the filing of the suit through today's date. Produce this data compilation in *.csv format. Include a descriptive header row explaining the content of each column. Include the following information in the compilation:
> 
>     a.    The date of the call.
>     b.    The outbound ANI.
>     c.    The outbound phone number used to place the call.
>     d.    The identity of the intended party called.
>     e.    If different than the intended party called, identify the party reached.
>     f.    The phone number dialed.

---

[1] Despite the Court's direction that the Motion be filed consistent with the requirements of Local Rule 37-2 (*see* Dkt. No. 64), Plaintiffs did not set out the text of the disputed requests and Defendant's responses. Instead, Plaintiffs included NMAC's Responses to the entire Third Set of RFPs as Exhibit 3 to the Motion. For ease of reference, the Court here identifies the specific requests and responses at issue in the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                                                        Date: October 19, 2017
Title       *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

   g.   The identity of the carrier of the outbound call.
   h.   The identity of the collector - including any computing system or array of systems -  initiating the call.  (If you provide this as a coded identifier, provided a key to the identity of all collectors identified, including the name of any systems identified).
   i.   The outcome of the call, *i.e.*, connected, hung up, answering machine, or prerecorded message left.
   j.   Whether any outbound, prerecorded message was played to the recipient of the call.
   k.   Whether an ATDS was used to place the call.
   l.   Any summary or notes describing the content of the call.
   m.   The identifier of the business rules, campaign, or instructions which were used to determine whether or when to initiate the call.
   n.   Whether the call was initiated by collector using their own fingers on the keypad of the telephone.
   o.   Whether the call was initiated using the collector's computer, using either keyboard or mouse.
   p.   Whether the recipient provided you with consent for the call.
   q.   Whether the recipient provided you with consent to receive any prerecorded message.

**NMAC's Response to RFP No. 49:**
Defendant incorporates its objections to the Request's use and incorporation of Definition and Instructions above, and herein states with specificity its grounds for objecting to the Request, including the reasons, and states that to the extent responsive materials exist, such materials are being withheld on the basis of such request.  Defendant objects that it will "not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."  F.R.C.P. 26(b)(20(D).  Expenditure of the resources required to access the contents of Defendant's data in order to produce the compilation requested is, itself, unreasonable.  Defendant's database does not store outgoing calls of persons "who are not YOUR customers."  Defendant's Genesys dialer system can only dial numbers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-2029-GW (KSx)                                                             Date: October 19, 2017

Title        *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

that are stored in Siebel. Telephone numbers are entered into Siebel when provided by NMAC's customers, and stored in six Siebel fields. Accordingly NMAC's Genesys dialer system can only dial numbers designated as those who "are" YOUR customers. The telephone numbers of persons "who are not YOUR customers" would be found in the comment screens of various customers' accounts, to which the Genesys dialer system does not have access. To obtain the numbers of such persons "who are not YOUR customers" is "not reasonably accessible because of undue burden or cost." F.R.C.P. 26(b)(2)(D). To the extent a non-customer's telephone number accidentally was entered into one of the six Siebel fields to which the Genesys system has access, neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers. Accordingly, obtaining the numbers of such persons "who are not YOUR customers" is data that is "not reasonably accessible because of undue burden or cost." F.R.C.P. 26(b)(2)(D). Moreover, to the extent a non-customer's telephone number was entered into one of the six Siebel fields because such number was provided by an NMAC customer as a number where the customer could be reached, a file by file review would be required to uncover such factual situation and neither Siebel nor Genesys can segregate into a compilation "persons who are not YOUR customers" from those who are NMAC's customers. Finally, calls placed through Genesys do not distinguish calls placed to cellular telephones versus landlines. *See Doherty v. Comenity Capital Bank & Comenity Bank, Case No.:* 16cvl-321-H-BGS, 2017 WL 1885677 (S.D. Cal. 2017) (denying discovery of skip-traced and trapped numbers where a file-by-file review would be required); *Gossett v. CMRE Financial Services,* 2015 WL 6736883, at *1 (S.D. Cal. 2015) (denying "skip tracing" discovery in TCPA case on the basis that third party numbers were never downloaded from the account notes into the dialer). Nor do calls placed through Genesys distinguish between calls for which the called person incurred a charge and calls for which the called person would have incurred no charge based upon the way the called person set up their telephony. *Klein v. Commerce Energy, Inc.*, 2017 WL 2672290, at *10 (W.D. Pa., 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                             Date: October 19, 2017

Title    *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

Defendant objects to this request to the extent it seeks information that is confidential and/or proprietary in nature, or protected information. Defendant also objects to this Request on the grounds that it is overbroad, burdensome, and harassing. For example, this request necessarily seeks information on, about, or relating to NMAC's customers, who could not possibly be members of the putative class, as defined. . . . The Request also is overbroad as seeking information about persons who were not a party to any agreement with NMAC but for whom there could not possibly be a TCPA violation because the calls were exempt from the TCPA due to the nature of the called parties' telephony, such as calls made to land-lines or calls made through VoiP or telephony in such a way that such person was not charged for the calls. *Klein v. Commerce Energy, Inc*., 2017 WL 2672290, at *10 (W.D. Pa., 2017). Accordingly, this Request necessitates allowing access to and inspection of data regarding persons who could not possibly be members of the putative class and who the class representatives could not possibly represent.

This Request also seeks confidential and private financial data and non-public information, which NMAC is legally obligated to protect. *See* 15 U.S.C.§§ 6801-6809, *Valley Bank of Nevada v. Superior Court* 15 Cal 3d 652 (1975). Among other things, the nonpublic personal information that may not be disclosed includes telephone numbers.

**Request No. 51:**
Produce any registration for any systems used by YOU, YOUR employee, YOUR agents or contractors to place any of the calls identified above in Request 49. Include any registration within the state of Texas as an Automatic Dial Announcing Device. *See*
https://www.puc.texas.gov/industry/communications/business/adad/adad.aspx.

**NMAC's Response to RFP No. 51:**
Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                              Date: October 19, 2017

Title      *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

Request as irrelevant and disproportional under Federal Rule of Civil Procedure 26(b).

**Request No. 52:**
Produce all DOCUMENTS and/or ESI demonstrating that PLAINTIFF or any CLASS MEMBER gave YOU prior express consent to receive CALLS.

**NMAC's Response to RFP No. 52:**
[Repeats objection to No. 49.]

**Request No. 53:**
Produce all business rules or instructions that were associated with each of the campaigns which resulted in a call listed in Request 49.

**NMAC's Response to RFP No. 52:**
Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome.  Defendant incorporates and restates, as if stated in full, its objection to Request 49.

**Request No. 54:**
Produce all DOCUMENTS and/or ESI referring or relating to the sources of the telephone numbers identified in response to Request 49 were made and/or sent, including but not limited to DOCUMENTS and/or ESI describing the manner in which the telephone numbers were compiled and/or acquired and who compiled them.

**NMAC's Response to RFP No. 54:**
Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome.  Defendant incorporates and restates, as if stated in full, its objection to Request 49.

\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                                  Date: October 19, 2017

Title     *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

**Request No. 56:**
Produce all DOCUMENTS and/or ESI constituting and/or referring to audits, investigations, inquiries, or studies by YOU or any THIRD PARTY, including but not limited to any independent auditor, law firm, or governmental agency, regarding the compliance by NMAC with any state and/or federal laws or regulations involving the use of AUTOMATED CALLS.

**NMAC's Response to RFP No. 56:**
Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Request as seeking information protected by the attorney-client and/or work product privilege.

**Request No. 57:**
Produce all DOCUMENTS and/or ESI constituting and/or referring to audits, investigations, inquiries, or studies by YOU or any THIRD PARTY, including but not limited to any independent auditor, law firm, or governmental agency, regarding compliance by any of your VENDORS with any state and/or federal laws or regulations involving the use of AUTOMATED CALLS.

**NMAC's Response to RFP No. 57:**
Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome. Defendant objects to this Request as seeking information protected by the attorney-client and/or work product privilege.

\\
\\
\\
\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 16-2029-GW (KSx)                                             Date: October 19, 2017

Title        *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

**Request No. 60:**
   Produce NMAC's organizational chart.

**NMAC's Response to RFP No. 60:**
   Defendant incorporates its objections to the Definitions and Instructions, incorporated and used by this Request, as rendering the Request vague, ambiguous, overbroad and unduly burdensome.  NMAC objects to this Request as seeking irrelevant and proprietary information.

**II.    Request for Inspection**

   The Motion also seeks to compel NMAC's compliance with Plaintiffs' Request for Inspection to Data Sample ("Inspection Request").  (*See* Motion, Ex. 3.)  Specifically, the Inspection Request demands that NMAC produce for inspection its "complete data base of collection activity including the Oracle Seibel and OBIEE systems"; the "complete database of dialing activity related to the operation of the Genesys system and its associated hardware and software"; and the "Genesys dialing system and its associated hardware and software." (*Id.*)

   NMAC objects to the Inspection Request on numerous grounds, including that the request is overbroad, burdensome and harassing, that it seeks information that is confidential, and/or proprietary in nature, and more particularly, that the request seeks information about persons who "could not possibly be members of the putative class and who the class representatives could not possibly represent."  (Motion, Ex. 3 at 7.)  NMAC further objects that the intrusiveness of the proposed data inspection would compromise NMAC's data security procedures and shut down NMAC's data systems for some 106 days at enormous cost.  (Decker Decl., ¶31.)

### LEGAL STANDARD

   Under Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1).  As amended in December 2015, Rule 26(b)(1) identifies six factors to be considered when determining if the proportionality requirement has been met, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 16-2029-GW (KSx)                                              Date: October 19, 2017

Title   *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit. (*Id.*) Relevant information need not be admissible to be discoverable. (*Id.*) In addition, Rule 26(b)(2), places specific limitations on discovery of Electronically Stored Information ("ESI"), providing:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery . . . the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.

FED. R. CIV. P. 26(b)(2)(B).

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet,* 296 F.3d at 751). In the context of discovery related to class certification, it is well settled in this circuit "that often the pleadings alone will not resolve the question of class certification and . . . some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 943 (9th Cir. 2009)

### DISCUSSION

**I.    Requests for Production Nos. 49, 51, 52-54, 56, and 57 Are Over Broad, Unduly Burdensome and Not Proportional**

    **A.  Request No. 49**

Plaintiffs seek information from NMAC's calling and customer servicing databases sufficient to identify potential class members, who are individuals who were *not* customers of NMAC, but received calls allegedly from an automated dialing system in an effort to collect debts owed by NMAC customers. (*See* FAC at ¶¶ 2-6.) Plaintiffs argue that the information is necessary to identify class members, identify common proofs, and calculate damages. (Motion at 8.) NMAC objects that it does not identify call records for persons who are not NMAC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                            Date: October 19, 2017

Title      *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

customers and does not have the ability, except through a file-by-file manual review, to identify such persons. (Motion at 30-32.)

Plaintiffs counter that their experts can take the raw calling data and servicing records for all customers and undertake an algorithmic analysis to identify potential non-customer class members who were called, therefore, Plaintiffs contend, NMAC should be compelled to provide the data compilations requested in Request No. 49. (Motion at 13-16 ("Plaintiffs' experts can uses [sic] this information to cross-reference those names against NMAC customer list to identify the individuals who received dialer calls and prerecorded messages and were not NMAC customers").) NMAC disputes the efficacy of Plaintiffs' proposed methodology to identify class members by individually analyzing Address Change requests and/or Service Requests. (*See* Motion at 35-36.) Whether Plaintiffs' proposed method for analyzing the NMAC call data will be sufficient to meet its class certification needs is beyond the scope of the Motion. The salient questions here is whether Plaintiffs have demonstrated that the discovery sought satisfies Rule 26(b)(2) sufficient to overcome NMAC's objections and require an order compelling NMAC's further response. Plaintiffs have not.

Request No. 49 not only demands that NMAC search its existing data systems for a massive amount of customer information for a five year period, but also requires that NMAC make a compilation of information to be derived from different data systems, including Genesys and Siebel, in order to respond to sub-requests (a)-(q) of Request No. 49.[2]

As an initial matter, the Court notes that a party is not required to create a document in order to respond to a request for production. Federal Rule of Civil Procedure 34 only requires a party to produce documents that are already in existence. *See Alexander v. FBI,* 194 F.R.D. 3205, 310 (D.D. C. 2000). "[A] party cannot be compelled to create, or cause to be created, new documents solely for their production." *Paramount Pictures Corp. v. Replay TV ("Replay TV")*,

---

[2]    NMAC also objects to the requests on the grounds that "production of information pertaining to NMAC customers who are not parties or even alleged class members would violate their privacy rights" under the Gramm-Leach Blilely Act ("GLBA"). (Motion at 40.) However, as the Court noted in denying NMAC's Motion to Quash a subpoena to non-party Verizon Communications, GLBA does not preclude discovery of the call informtion at issue here. (*See* Dkt. No. 64.) The Supreme Court has held that individuals do not have an expectation of privacy in outgoing telephone numbers. *Smith v. Maryland*, 442 U.S. 735, 742 (1979). Relying on *Smith*, the Ninth Circuit has held that individuals also have no expectation of privacy in incoming telephone numbers and related phone records. *See, e.g., United States v. Reed*, 575 F.3d 900, 914 (9th Cir. 2009). Further, the Court has entered a Protective Order in this case. (Dkt. No. 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-2029-GW (KSx)                                                    Date: October 19, 2017

Title        *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

No. CV 01-9358 FMC (Ex), 2002 WL 32151632, at *2 (C.D.Cal. 2002) (denying production of customer data because such information "is not now and has never been in existence"); *see also Alexander,* 194 F.R.D. at 310 (denying production of certain list of names because there was no evidence that list existed and that the responding party was in possession of such list); *Butler v. Portland General Electric Co.*, No. CIV. No. 88–455–FR, 1990 WL 15680, at *2 (D. Oregon 1990) (refusing to compel production where requested information had not been compiled into the form of a document or a computer program as the law does not require a party to prepare or create a document in response to a discovery request).

Further, NMAC provided the declaration of Mark Decker, Senior Manager of Information Systems at Nissan North America, who confirmed that NMAC currently services approximately 2.9 million accounts and that the total number of NMAC accounts since January 1 2012 is 5.1 million. (Declaration of Mark Decker ("Decker Decl.") at ¶ 25.) NMAC estimates that it would cost $74 per hour to conduct a file-by-file search of its database to segregate non-customer information resulting in an approximate total cost of $188,700,000. (*Id.* at ¶ 35.) The overbreadth and burdensome nature of Request No. 49 is also emphasized in Plaintiff's proposed "resolution" that would require NMAC to produce "the requested data for *all its outbound calls, without regard to the intended recipient.*" (Motion at 44 (emphasis added).) Given the evidence and argument before the Court, NMAC has persuasively demonstrated that the ESI sought is not reasonably accessible in light of the manner in which its calling records are maintained in the ordinary course of business and the information Plaintiffs seek would require NMAC to incur extraordinary cost and business interruption. Accordingly, NMAC's objections to this request are sustained.

Nevertheless, when a party has demonstrated that ESI is not reasonably accessible because of undue burden or cost, the Court may order discovery from such sources if the requesting party shows good cause and the court may impose specific conditions for such discovery. FED. R. CIV. P. 26(b)(2)(B). Here, the Court concludes that NMAC has made a persuasive showing of undue burden and expense associated with responding to Request No. 49. However, Plaintiffs have demonstrated a legitimate need for information that is uniquely in the possession, custody and control of NMAC in order to identify potential class members. Moreover, Plaintiffs are willing to expend their own time and money to examine relevant portions of NMAC's calling and servicing data in an attempt to identify potential class members. In addition, during oral argument, NMAC acknowledged that it could produce certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-2029-GW (KSx)                                                   Date: October 19, 2017

Title         *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

information from its databases for a shorter period of time than the 5½ years sought in Request No. 49 that would reflect call logs and some related servicing communications. This would at least afford Plaintiffs an opportunity to test their proposed methods of identifying non-customer class members based on NMAC data. *See Wahl v. Am. Sec. Ins. Co.,* No. C 08-00555 RS, 2009 WL 3463211, *1 (N.D. Cal. Oct. 23, 2009) ("the recognized need for pre-certification discovery, however, is subject to court-imposed limitations, and any such limitations are within the sound discretion of the court")).

Accordingly, the Motion as to Request No. 49 is GRANTED in part as follows: Plaintiffs may serve **within five (5) days** of the date of this Order, a separate Amended RFP No. 49 that seeks only the following information: (1) call logs; (2) service requests associated with those calls; (3) comments in the address log reflecting any change to phone numbers; and (4) related account notes for the identified calls, limited to the nine (9) month period immediately prior to December 2015.[3] NMAC shall produce the responsive information **within 21 days of receipt** of Plaintiff's Amended RFP No. 49. The Motion is DENIED in all other respects with respect to Request No. 49.

### B.  Request Nos. 51-54

In Request Nos. 51 (registrations for NMAC software systems used to place calls identified in Request No 49), 52 (all documents related to consents for calls identified in Request No. 49), 53 (business rules or instructions for campaigns that resulted in calls listed in Request No. 49), and 54 (all documents regarding the sources of telephone numbers identified in Request No. 49), Plaintiffs seek broad information concerning NMAC's business practices. NMAC objects that these discovery requests are defective for the same reasons as Request No. 49 because NMAC cannot identify calls to non-customers. (Motion at 42-43.)

Specifically, as to Request No. 51, NMAC objects that the request for "any registration of systems" is vague and information on whether NMAC operates a system that leaves prerecorded messages can be readily obtained by asking witnesses. (Motion at 42.) NMAC objects that Request No. 52, insofar as it seeks information about consent to call non-customer class members, is unduly burdensome because NMAC cannot identify non-customers or even whether

---

[3]   The FAC alleges that Plaintiff Aram Terteryan began receiving unsolicited calls to his cellular telephone from NMAC in December 2015. (FAC at ¶ 27, Dkt. No. 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-2029-GW (KSx)                                              Date: October 19, 2017
Title         *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

a particular number was a cell phone except by examining each account record. (Motion at 42-43.) NMAC similarly objects to Request Nos. 53 and 54 because NMAC has no mechanism to identify calls placed to non-customers. (*Id.*)

Having considered NMAC's arguments and sworn statements provided in connection with the Motion, the Court agrees that for the reasons that Request No. 49 is defective, these requests also seek irrelevant information and would impose an undue burden on NMAC to produce vast amounts of information unrelated to *non-customer* class certification. Therefore, the requests do not meet the scope or the proportionality requirements of Rule 26(b)(1). Accordingly, the Motion is DENIED as to Request Nos. 51, 52, 53 and 54.

### C.  Request Nos. 56, 57

In Request Nos. 56 and 57, Plaintiffs seek information relating to audits and investigations conducted by NMAC and/or third parties. (*See* Request No. 56 (all documents regarding audits, investigations concerning compliance NMAC), No. 57 (all documents regarding audits, investigation concerning compliance by NMAC Vendors).) NMAC objects to these Requests on privilege grounds. (Motion at 43.) Plaintiffs contend that any assertion of privilege with respect to these documents has been waived because NMAC has not produced a privilege log. (Motion at 29.)

The Court makes no determination of waiver at this time but reminds all parties that documents withheld on the basis of privilege and/or attorney work product doctrine must be properly identified on a privilege log. NMAC is directed to serve its privilege log within 30 days of the date of this Order. The Motion is DENIED as to Request Nos. 56 and 57.

### D.  Request No. 60

In Request No. 60, Plaintiffs seek NMAC's organization chart. Although NMAC initially objected to this request, it has agreed to supplement its production to provide this information. (*See* Motion at 43.) Consequently, the Motion is DENIED as MOOT as to Request No. 60.
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-2029-GW (KSx)                                          Date: October 19, 2017

Title       *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

**II.     The Inspection Request is Overly Broad, Unduly Burdensome and Not Proportional**

NMAC's objections to Plaintiffs' Inspection Request are also well taken.  The request seeks broad access to NMAC's Genesys and Siebel data systems in real-time to extract sweeping information concerning all of NMAC's calling data for a five year period.  Mark Decker, Senior Manager of Information Systems at Nissan North America indicates that to download the five years of data for the 5.1 million accounts that Plaintiffs ostensibly seek, would require taking NMAC's calling system off line for some 106 days.  (Decker Decl. at ¶31; Motion at Ex. 8.)  Decker also states that "[n]on-customer numbers are not stored within [the] six Siebel fields and those fields are the only telephone numbers sent to B[est] T[ime] T[o]  C[all] before being sent OCM or the Cisco dialer component.  (*Id.* at ¶ 9.)  Plaintiff offers no evidence or argument to refute Decker's statements regarding the scale and complexity of NMAC's data software systems.  Nor do they offer any solution to mitigate the significant disruption to NMAC's business operations that such an inspection would cause.

To the contrary, at oral argument, Plaintiffs' counsel could not provide the Court a particularized description of exactly what the "inspection" protocol would be or how long it would take.  Instead, Plaintiff's counsel noted repeatedly that to determine the exact process would require "cooperation" from NMAC information technology personnel to access NMAC's software and extract the complete customer call data sets, thus, imposing even further burden on NMAC if it were required to allow the data inspection.

The Court finds that Plaintiffs' Inspection Request is facially overbroad.  Plaintiffs demand, in essence, that they be able to undertake a wholesale data extraction from NMAC's Siebel, Cisco, Genesys, and Best Time to Call ("BTTC") software suite.  Further to the extent that Plaintiffs ask to be allowed to download the entirety of NMAC's calling data for five years, the Inspection Request seeks information wholly unrelated to the claims and defenses at issue in this case and, on that basis, does not meet the proportionality requirements of Rule 26(b)(2).

Further, the burden to NMAC both in terms of business disruption and intrusion into its proprietary business systems to extract what amounts to the entirety of NMAC's calling and customer log information in the hopes that Plaintiffs experts may be able to reverse engineer NMAC's data in order to *possibly* identify potential class members, does not warrant granting Plaintiffs' expansive and indiscriminate request for access to and collection of electronic records

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 16-2029-GW (KSx)                                             Date: October 19, 2017

Title    *Aram Terteryan et al v. Nissan Motor Acceptance Corporation*

from NMAC.  *See e.g., Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997)

Accordingly, the Motion is DENIED with respect to Plaintiffs' Inspection Request.

### CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** in part, as noted above with respect to an Amended Request No. 49.  **Within five (5) days** of the date of this Order, Plaintiffs may serve a separate Amended RFP No. 49 that seeks only the following information:  (1) call logs; (2) service requests associated with those calls; (3) comments in the address log reflecting any change to phone numbers; and (4) related account notes for the identified calls, limited to the nine (9) month period immediately prior to December 2015.  NMAC shall produce the responsive information **within 21 days of receipt** of Plaintiff's Amended RFP No. 49.

The Motion is **DENIED** in all other respects.

**IT IS SO ORDERED**.

                                                                                         :
                                                          **Initials of Preparer**    rhw