# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan (collectively "Plaintiffs"), for themselves and the Settlement Class members (as defined below), on the one hand, and Nissan Motor Acceptance Corporation ("NMAC" or "Defendant"), on the other hand. Plaintiffs and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

## I.

## RECITALS

1.01     On March 24, 2016, Plaintiffs filed a class action in the Central District of California against NMAC entitled *Terteryan, et al. v. Nissan Motor Acceptance Corporation*, No. 2:16-cv-02029 GW (the "Action"). On June 15, 2016, Plaintiffs filed a First Amended Complaint.

1.02     Plaintiffs allege that NMAC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA") by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cellular telephones, without the prior express consent of Plaintiffs and putative class members.

1.03     NMAC denies all material allegations in the Action.  NMAC specifically disputes that it used an automatic telephone dialing system or artificial or prerecorded voice messages to contact Plaintiffs or putative class members without their prior express consent; that it violated the TCPA; or that Plaintiffs and putative class members are entitled to any relief from Defendant.  NMAC further contends that the action is not amenable to class certification. Nevertheless, given the risks, uncertainties, burden and expense of continued litigation,

Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

   **1.04**   Plaintiffs have conducted significant discovery into the issues raised by NMAC in defense of the matter.  Based upon that discovery and information exchanged during the mediation process, Plaintiff believe that that have sufficient evidence to proceed in good faith to class certification and present a triable issue to the Court.  Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Plaintiffs and their counsel have concluded that it is in the best interest of the class to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

   **1.05**   This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including four in-person mediations with Hon. Ronald Sabraw (Ret.) and multiple telephonic conferences with the mediator. Plaintiffs have also propounded extensive discovery, conducted multiple depositions, and analyzed call data produced by Defendant.

   **1.06**   Based on their investigation and the extensive negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

   **1.07**   The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms

of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement.  The Parties desire and intend to affect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

   **1.08**   The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court under Rule 23 of the Federal Rules of Civil Procedure and as set forth below. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions of this Agreement.

**II.**

**DEFINITIONS**

   **2.01**   "Action" means the class action filed in the Central District of California against NMAC entitled *Terteryan, et al. v. Nissan Motor Acceptance Corporation*, No. 2:16-cv-02029 GW.

   **2.02**   "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

   **2.03**   "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment.

   **2.04**   "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

   **2.05**   "Call," "Calls," or "Called," consistent with applicable regulations and legal authority interpreting the TCPA, means and includes telephone calls to made with equipment that constitutes or may constitute an automatic telephone dialing system, as well as

artificial or prerecorded voice calls.

2.06     "Call Recipient List" means the list of the names and last known addresses of those persons whom Plaintiffs have identified as having received calls from NMAC to the cell numbers included on the Dialed List.

2.07     "Cash Award" means a cash payment to an eligible Settlement Class Member.

2.08     "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

2.09     "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

2.10     "Claims Period" means the ninety day period that begins on the Settlement Notice Date.

2.11     "Claims Administrator" means the class action administration company identified by Class Counsel, subject to approval by NMAC and the Court.

2.12     "Class" or "Class Members" means and refers to:

  a.     all persons in the United States to whose cellular telephones NMAC placed one or more non-emergency Calls

  b.     using equipment that constitutes or may constitute an automatic telephone dialing system or an artificial or prerecorded voice

  c.     during the Class Period and

  d.     who were not a party to any agreement with NMAC.

  Exclusions:

  NMAC, any affiliate or subsidiary of NMAC, any entities in which any of such companies have a controlling interest, the staff of the Court, and counsel in this case are excluded from the Class.

2.13     "Class Counsel" means and includes: Kemnitzer, Barron & Krieg, LLP

and Lyngklip & Associates, Consumer Law Center, PLC.

2.14       "Class Notice" or "Notice" means the notice specified in Sections VII and VIII of this Settlement Agreement including, without limitation, mail notice and publication notice.  Notice shall be substantially in the forms attached hereto collectively as Exhibit C, subject to the Court's approval.

2.15       "Class Period" means March 24, 2012 through the date of the Preliminary Approval Order.

2.16       "Class Representatives" or "Plaintiffs" means Aram Terteryan, Marine Davtyan, and Tatyana Davtyan.

2.17       "Court" means the United States District Court for the Central District of California, and U.S. District Judge George H. Wu, to whom the Action has been assigned.

2.18       "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 7.10(f) of this Agreement.

2.19       "Dialed List" means the list of unique cell phone numbers to which NMAC made Calls during the Class Period.

2.20       "Final Approval Hearing" or "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate.

2.21       "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

2.22       "Final Approval Date" means the date on which the Judgment has become final as provided in Section 12.01.

**2.23**   "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 90 days after the date on which the last check for a Cash Award was issued.

**2.24**   "Funding Date" means ten (10) business days after the Court preliminarily approves the Settlement.

**2.25**   "Judgment" means the judgment to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit E.

**2.26**   "NMAC" means Nissan Motor Acceptance Corporation.

**2.27**   "Notice List" means the list of potential Class Members to whom Class Notice shall be mailed, compiled as set forth in Section 7.01 of this Agreement.

**2.28**   "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

**2.29**   "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

**2.30**   "Preliminary Approval Order" means the order by the Court granting preliminary approval to this settlement, substantially in the form attached hereto as Exhibit D.

**2.31**   "Released Claims" means the claims to be released under the Settlement, as described in Section 13.02.

**2.32**   "Released Parties" means NMAC and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors,

representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives.    "Released Parties" specifically includes all corporate affiliates of NMAC and all entities with which NMAC contracts to obtain representatives to place calls.

**2.33**         "Settlement" or "Settlement Agreement" means this Agreement between Plaintiffs and Defendant and each and every exhibit attached hereto.

**2.34**         "Settlement Class" or "Settlement Class Members" means and refers to all persons who are members of the Class, as set forth in Section 2.12 above, and who do not timely and validly request exclusion from the Class.

**2.35**         "Settlement Costs" means all costs incurred by Plaintiffs, the Class and their attorneys, including but not limited to Plaintiffs' attorneys' fees, costs of suit, Plaintiffs' expert or consultant fees, reasonable expenses incurred in connection with the prosecution of the Action, any incentive payments paid to the Class Representatives, notice costs, costs of claims administration and all other costs of administering the settlement.

**2.36**         "Settlement Fund" means the non-reversionary cash sum of $2,200,000.00 that NMAC will pay to settle this Action and obtain a release of all Released Claims.   In no event shall NMAC be required to pay more than $2,200,000.00 to obtain a release of the Released Claims.

**2.37**         "Settlement Notice Date" means one hundred and fifty-five (155) days after an Order Granting Preliminary Approval is issued.

**2.38**         "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.03(b).

**2.39**         "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §

227, and any regulations or rulings promulgated under it.

## III.

## BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01** Defendant's Position on Conditional Class Certification. Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and further denies that a litigation class could be properly certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for settlement purposes only of the Class. Preliminary certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, any certification of the Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted against Defendant in any litigated certification proceedings in this Action. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiffs, any person in the Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02** Plaintiffs' Belief in the Merits of Case. Plaintiffs believe that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs that there is any infirmity in the claims

asserted by Plaintiffs, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

      **3.03**        Plaintiffs Recognize the Benefits of Settlement.  Plaintiffs recognize and acknowledge, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiffs further recognize and acknowledge the ongoing regulatory proceedings concerning the scope of the TCPA, and the divergent judicial decisions interpreting various provisions of the TCPA. Plaintiffs have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

## IV.

## SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

      **4.01**        Monetary Consideration.  In consideration of the releases provided herein and in full settlement of the Released Claims, NMAC shall cause the payment of $2,200,000 (the "Settlement Fund") to be deposited with the Claims Administrator by the Funding Date.  In the event that the Settlement is terminated or not approved for any reason, the funds remaining in the Settlement Fund shall be promptly paid to NMAC within thirty (30) calendar days of the occurrence of termination or non-approval and shall upon the occurrence of termination or non-approval be the sole and exclusive property of NMAC.  The Settlement Fund will be used to pay Approved Claims and any Settlement Costs.  Under no circumstances shall NMAC be required to pay any amount in excess of $2,200,000 in order to resolve the

Action and obtain releases from Plaintiffs and Settlement Class Members. Except in the event the Settlement is terminated under Section XIV or not approved for any reason, no portion of the $2,200,000 paid by NMAC shall revert to NMAC.

        **4.02**        Eligibility for Cash Awards.  Cash Awards shall be made to eligible Settlement Class Members who make valid and timely claims.  Each Settlement Class Member shall be entitled to make one claim for a Cash Award per unique cellular telephone number Called by NMAC.

        **4.03**        Amount Paid per Claim.  Each Settlement Class Member who makes a valid and timely claim shall receive a Cash Award.  The amount of each Cash Award shall be determined by the following formula:  (Settlement Fund – Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members.

## V.

## ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE

        **5.01**        Class Representatives and Class Counsel Appointment.  For settlement purposes, and subject to Court approval, Plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan are to be appointed as the Class Representatives for the Settlement Class, and Kemnitzer, Barron & Krieg, L.L.P. and Lyngklip & Associates are to be appointed as Class Counsel.

        **5.02**        Fees to Class Counsel.  Class Counsel may petition for an award of Attorneys' Fees not exceeding one third (33 1/3 %) of the Settlement Fund.  Defendant shall not object to such an award of Attorneys' Fees provided that the award does not exceed that

amount.

**5.03**        Requests for Attorneys' Fees and Costs.  Any request for attorney's fees and costs to be paid from the Settlement Fund must be filed prior to the Final approval Hearing and be supported by a motion and brief in support of the requested fee.  Any person who requests Attorneys' Fees in connection with this the Settlement must appear at the Final Approval Hearing either in person or through counsel.  No party may pay Attorney's Fees, Costs or any Incentive Award relating to this Settlement unless approved by the Court.  Class Counsel's motion for an award of attorneys' fees and expenses to be paid from the Settlement Fund shall be filed at least ten (10) days prior to the date for class members to object.  Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Settlement Fund.  This Settlement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. In addition, no interest will accrue on such amounts at any time.

**5.04**        Payment to the Class Representatives.  The Class Representatives will ask the Court to award each of them an incentive payment for the time and effort they have personally invested in the Action on behalf of the Settlement Class.  Defendant shall not object to such incentive payment to be paid to Aram Terteryan, Marine Davtyan, and Tatyana Davtyan, provided that the incentive payment to each Class Representative does not exceed $10,000. Not until the Judgment becomes final (as set forth in Sections 2.22 and 12.01) and within five (5) days of the Judgment becoming final after receiving a W-9 form from Aram Terteryan, Marine Davtyan, and Tatyana Davtyan, the Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court, and Class Counsel shall disburse such funds.

**5.05**        Settlement Independent of Award of Fees, Costs and Incentive Payments.  The payments of attorneys' fees, costs and incentive payment set forth in Sections 5.02 through 5.04 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiffs' request for such payment or awarding the particular amount sought by Plaintiffs.   In the event the Court declines Plaintiffs' request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## VI.

## PRELIMINARY APPROVAL

**6.01**        Order of Preliminary Approval.   As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiffs will request that:

        a.       the Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class for settlement purposes only;

        b.       the Court preliminarily approve the Settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

        c.       the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

        d.       the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

      e.      the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII.

## NOTIFICATION PROCESS AND SETTLEMENT ADMINISTRATION

**7.01**      Identification of Potential Class Members for Direct Mailing of Notice. To identify potential Class Members for purposes of direct mailing of Class Notice, the Parties shall take the steps described below.

      a.      NMAC will compile a list of the unique cell phone numbers that it Called using equipment that is alleged to be an automatic telephone dialing system or artificial or prerecorded voice message from March 24, 2012 through the date of the Preliminary Approval Order (the "Dialed List").

      b.      Within thirty-five (35) days of the Preliminary Approval Order, NMAC will provide the Dialed List to Class Counsel in a .csv file format, together with the most recent date that each cell number was Called.

      c.      Class Counsel shall develop a list of the names and addresses of the persons they contend were the recipients of the Calls to the cell numbers included on the Dialed List (the "Call Recipient List"). To develop the Call Recipient list, Class Counsel may use consultants, experts, and data brokers; serve subpoenas to telecommunication carriers; engage in a "reverse phone look up" process; and take such other steps that are reasonably designed to determine the identity of the recipient of Calls to a particular cell number, subject to approval by the Court. Plaintiffs and Class Counsel shall be solely responsible for developing the Call Recipient List, but NMAC will not object to the issuance or enforcement of any subpoenas in connection with this effort.

d. Class Counsel shall provide NMAC with the Call Recipient List within ninety-five (95) days of the Preliminary Approval Order. NMAC shall compare that list with its customer database. NMAC shall eliminate, from that list, cell numbers where the call recipient matches NMAC's customer based on the identifying information contained in the Call Recipient List and NMAC's customer database. The result of this process will be the "Notice List" that shall be provided to Class Counsel and the Claims Administrator and used for purposes of direct mailing of Class Notice. NMAC will also provide Class Counsel with the total number of NMAC accounts on which Calls were placed to cell numbers on the Notice List. NMAC shall provide Class Counsel and the Claims Administrator with the Notice List within one hundred and twenty (120) days of the Preliminary Approval Order.

e. These provisions for identification of potential Class Members and direct mailing of Notice are intended to work in conjunction with the other methods of Notice provided for under this Agreement. If Class Counsel conclude that any particular method for identifying potential Class Members and providing Notice is unlikely to provide notice to additional Class Members or would result in unreasonable cost or delay, Plaintiffs shall be under no obligation to take additional steps to identify and mail notice to Class Members and may propose other means of notice, including but not limited to publication and email, subject to approval by the Court.

f. After the Notice List is prepared, and within one hundred and twenty-five (125) days of the Preliminary Approval Order, the parties shall request authorization from the Court to mail Notice to persons included on the Notice List and to provide the other forms of Notice required under this Agreement.

**7.02** Third-Party Claims Administrator. The Claims Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth herein.

Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud or noncompliance, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties and respond to reasonable requests for information from either Party.

      **7.03**      The Claims Administrator shall maintain the confidentiality of the information that is contained in the Notice List or other databases compiled or developed by any Party but may provide such lists to Class Counsel and Defense Counsel. Any personal information contained in or related to the Dialed List, Call Recipient List or Notice List that is provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing Notice to the Class and allowing them to recover under this Settlement; shall be kept in strict confidence; shall be used only for purposes of this Settlement; and shall not be disclosed to any third party. This provision shall not be construed to limit or infringe upon the right of Class Counsel to practice, consistent with ABA Model Rule 5.6 or similar state-law provisions.

      **7.04**      Notice to be Given. The Class Representatives, Class Counsel, and/or the Claims Administrator shall send Notice of the Settlement by first class mail to every person included on the Notice List and such other notice as approved by the Court.

      **7.05**      The Class Representatives, Class Counsel, and/or the Claims Administrator shall also cause Notice to be published in USA Today.

**7.06**          The Class Representatives, Class Counsel, and/or the Claims Administrator shall establish and maintain a Settlement Website for Notice and administration of claims as described in Section 8.03(b).

**7.07**          The Class Representatives, Class Counsel, and/or the Claims Administrator shall establish a toll-free telephone number by which the Class can contact the Claims Administrator with questions about the Settlement and/or the claims process.

**7.08**          The Class Representatives, Class Counsel, and/or the Claims Administrator may also provide Notice via online banner advertising and in such other manners that are reasonably calculated to reach Class Members subject to approval by the Court.

**7.09**          Payment of Notice and Claims Administration Costs.  NMAC shall pay the reasonable costs of Notice and settlement administration that are incurred prior to the creation of the Settlement Fund, and NMAC will be given credit for all such payments which shall be deducted from the Settlement Fund as set forth below.  The Claims Administrator shall provide the Parties with an estimate of the costs of sending Notice (including publication), establishing the Settlement Website and establishing a toll-free telephone number, as well as any other initial administration costs within five (5) days of the entry of the Preliminary Approval Order, at the latest.   NMAC shall pay the estimated amount to the Claims Administrator within ten (10) days after the entry of the Preliminary Approval Order.  After that upfront payment of administration costs by NMAC, the Claims Administrator shall bill NMAC monthly for any reasonable additional costs of settlement administration, until such time as the Settlement Fund is established.  Any amounts paid by NMAC for the estimated costs of administration which are not incurred by the Claims Administrator shall be used for

other administration costs, or shall be deducted from future billings by the Claims Administrator.  The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement and shall provide those to the Parties monthly.  At such time that NMAC funds the Settlement Fund, all amounts previously paid to the Claims Administrator by NMAC shall be deducted from the total payment which it is required to pay to create the Settlement Fund under Section 4.01.  After NMAC has created the Settlement Fund, NMAC shall have no further obligation to pay any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

      **7.10**      Distribution of the Settlement Fund.  The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

      a.      first, not until the Judgment becomes final (as set forth in Sections 2.22 and 12.01) and within five (5) days of the Judgment becoming final, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

      b.      next, not until the Judgment becomes final (as set forth in Sections 2.22 and 12.01) and within five (5) days of the Judgment becoming final and after receiving a W-9 form from Aram Terteryan, Marine Davtyan, and Tatyana Davtyan,, the Claims Administrator shall pay to the Class Representatives any incentive award ordered by the Court, as described in Section 5.04;

      c.      next, not until the Judgment becomes final (as set forth in Sections 2.22 and 12.01) and within twenty (20) days of the Judgment becoming final, the Claims Administrator shall be paid for any unreimbursed costs of administration incurred;

d. next, not until the Judgment becomes final (as set forth in Sections 2.22 and 12.01) and within thirty (30) days of the Judgment becoming final, the Claims Administrator shall pay the Cash Awards to eligible Settlement Class Members pursuant to Section 9.03;

e. next, if checks that remain uncashed after 90 days of the first pro rata distribution yield an amount that, after administration costs, would allow a further pro rata distribution to the qualifying claimants equal to or greater than $10.00 per qualifying claimant, the Claims Administrator shall distribute any such funds with 20 days on a pro rata basis to Settlement Class Members who cashed settlement checks and such checks must be cashed within 90 days.

f. finally, 30 days after pro rata distributions are completed, the uncashed amount will be paid to The Samuelson Law Clinic, an experiential clinic at the University of California, Berkeley School of Law. The award will be used to provide hands-on training to law students through real-world work, with live clients, on cutting-edge policy issues in support of the public's interest in technology law and policy, subject to Court approval.  If, for any reason, the Court determines that The Samuelson Law Clinic is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.  In the event that the parties are unable to agree to a recipient, each party shall submit a proposed list of recipients to the Court and the Court will select a recipient.

## VIII.

## NOTICE

**8.01** Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class within one hundred fifty-five (155) days following entry of the Preliminary Approval Order, unless the Court extends this deadline for good cause.

**8.02**         Mailing of Settlement Notice.  The Claims Administrator shall send the Settlement Notice via first class mail, to the most recent mailing address for persons identified in the Notice List.

a.         Address Confirmation.  The last known address of persons on the Notice List will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Class whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from persons in the Settlement Class.

b.         Re-Mailing of Returned Settlement Notices.  The Claims Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

c.         Costs Considered Settlement Costs.  All costs of address confirmation and re-mailing of returned Settlement Notices will be considered Settlement Costs and deducted from the Settlement Fund.

**8.03**         By the Settlement Notice Date, the Claims Administrator shall implement notice as described below.

a.         Publication Notice.  The Claims Administrator shall publish for national circulation in USA Today a one-time quarter page ad directed to potential Class Members in the form attached as part of Exhibit C.

b.         A Settlement Website containing class information and related documents,

to be maintained and administered by the Claims Administrator on a dedicated website, along

with information necessary to file a claim, and an electronic version of the Claim Form members

can download, complete and submit electronically.  At a minimum, such documents shall include

the Settlement Agreement and attached exhibits, Mail Notice, Publication Notice, a

downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form,

the Amended Complaint, and when filed, the Preliminary Approval Order and the Final

Approval Order.  The Settlement Website shall remain operative until the date of the *cy pres*

distribution.   In addition, the Claims Administrator may design and conduct an internet

advertisement publication notice program which must be approved by both Parties.  This internet

advertisement publication Notice may run for the first twenty-one (21) days of the Claims

Period.

    c.  Toll-Free Telephone Number.  Within ten (10) days of the Preliminary

Approval Order, the Claims Administrator shall set up a toll-free telephone number for receiving

toll-free calls related to the Settlement.  That telephone number shall be maintained until thirty

(30) days after the Claims Deadline.  After that time, and for a period of ninety (90) days

thereafter, a recording will advise any caller to the toll-free telephone number that the Claims

Deadline has passed and the details regarding the Settlement may be reviewed on the related

Settlement Website.

    d.  <u>Press Release</u>. After the Preliminary Approval Order, Plaintiffs will issue

a neutrally worded press release, the contents of which have been agreed to in advance by all

Parties subject to approval by the Court.  The purpose of the press release is to facilitate Class

Members learning about the Settlement through internet searches, and to provide instructions on

how they may obtain additional information about the Settlement.   The press release will

announce that the Action has been settled, and will include the URL for the dedicated Settlement Website through which Class Members can obtain relevant information.

        e.     <u>CAFA Notice</u>.    NMAC and/or the Claims Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

## IX.

## CLAIMS PROCESS

**9.01**        Potential Claimants.  Each member of the Class who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall be entitled to make one claim per associated unique cellular telephone number called, as set forth in the Dialed List, regardless of the number of times the Settlement Class Member was called.

**9.02**        Conditions for Claiming Cash Award.  To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form through the Settlement Website, by U.S. Mail, or through the toll-free telephone number. The Claim Form shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's (1) name; (2) current address; (3) cellular phone number(s) called; (4) certification under the penalty of perjury that the claimant was called by NMAC on the identified cellular number(s) during the Class Period and the claimant was not a customer of NMAC at the time of the call; (5) where applicable, and if known, the identification code of the Mail Notice; and (6) contact telephone number.  To be valid, the cellular telephone number identified on the Claim Form must be included on the Dialed List.  If a Settlement Class Member fails to fully

complete a Claim Form, the Claim Form will be invalid.  Any Settlement Class Member who submits an incomplete or inaccurate Claim Form shall be permitted to re-submit a Claim Form within 35 days of the sending of notice of the defect by the Claims Administrator.  Class Counsel shall be kept apprised of the volume and nature of defective claims and allowed to communicate with Settlement Class Members as they deem appropriate to assist class members in curing such deficiencies.  The Claims Administrator shall confirm that each Claim Form submitted (1) is in the form required herein, (2) is timely, (3) is complete, and (4) is made with regards to a cellular phone number included on the Dialed List.

      **9.03**      Mailing of Cash Awards.  Cash Awards shall be sent by check to qualified Settlement Class Members who submitted a valid Claim Form no later than thirty (30) days after the Final Approval Date.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each settlement check will be negotiable for ninety (90) days after it is issued.

**X.**

**OPT-OUTS AND OBJECTIONS**

      **10.01**      Opting Out of the Settlement.  Any members of the Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline.

      **10.02**      Deadline.  Within five (5) days of the Opt-Out Deadline, the Claims

Administrator shall provide the Parties with copies of all opt-out requests it receives and shall provide a list of all Class Members who timely and validly opted out of the Settlement. In addition, the declaration to be filed with the Court pursuant to Section 11.01 shall include the names of persons who have excluded themselves from the Settlement but shall not include their addresses or any other personal identifying information.  Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the Judgment, including the releases in Section XIII below.

a.      In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number.  Further, the Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement.

b.      Any member of the Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

**10.03**       Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.  In the written objection, the Settlement Class Member must state his or her full name, address, and current telephone number, the cellular telephone number(s) NMAC allegedly called, the reasons for his or her objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any and all objections shall identify any lawyer who assisted, provided advice, or represents the objecting Settlement Class Member as to this case or such objection.  Any documents that the objecting Settlement Class Member wishes for the Court to consider must also be attached to the objection.  In the event of any objection, the Parties may serve discovery as to the objection consistent with the

limitations contained in Fed. R. Civ.P. 26.

**10.04**     Compensation to Objectors.   Unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing or withdrawing an objection to this Settlement as set forth in Fed. R. Civ.P. 23.   Similarly, unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing, dismissing, or abandoning an appeal from the Final Approval Order, as set forth in Fed. R. Civ.P. 23.   Any objector who fails to appear at the Final Approval Hearing waives appeal of any ruling by the Court as to the Settlement.

**10.05**     Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.

## FINAL APPROVAL ORDER AND JUDGMENT

**11.01**     No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**     If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

a.     The Parties shall both request individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B and the Judgment

in substantially the form attached as Exhibit E, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

b.      Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

**11.03**      At the Final Approval Hearing, the Parties will ask the Court to consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether the Final Approval Order and Judgments should be entered.

**11.04**      This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

a.      finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

b.      finds that Settlement Class Members have been adequately represented by Plaintiffs and Class Counsel;

c.      finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Sections 13.01 through 13.04, and the covenant not to sue in Section 13.05, and that this Settlement Agreement should be and is approved;

d.      dismisses on the merits and with prejudice all Released Claims of the Settlement Class Members;

e.      permanently enjoins each and every Settlement Class Member from

bringing, joining or continuing to prosecute any Released Claims against Defendant or the Released Parties; and

f.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## XII.

## FINAL JUDGMENT

**12.01**      The Judgment entered at the Final Approval Hearing shall be deemed final:

a.      Thirty (30) days after entry of the Judgment approving the Settlement if no document is filed within that time seeking appeal, review, reconsideration or rehearing of the judgment; or

b.      If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the Judgment to take effect in substantially the form described in Section 11.04.

**12.02**      In the event that the Agreement does not become effective by any reason, the Settlement Administrator shall refund within ten (10) days, any money received to fund this Settlement.

## XIII.

## RELEASE OF CLAIMS

**13.01**      Released Claims.  Plaintiffs and each Settlement Class Member, as well as their respective assigns, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the

Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.  The release does not apply to members of the Class who timely opt-out of the Settlement.

13.02    Released Claims.  "Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members during the Class Period.  Nothing in the Settlement shall be construed as a waiver of Settlement Class Members' rights to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party.

13.03    Waiver of Unknown Claims.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, without limitation as to any other applicable law, of Section

1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**13.04**    Plaintiffs understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.   In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.05**    Covenant Not To Sue. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims and agree to be forever barred from doing so in any court of law or equity, arbitration proceeding, or any other forum. However, nothing herein is intended to restrict any Settlement Class Member from contacting, assisting or cooperating with any government agency.

## XIV.

## TERMINATION OF AGREEMENT

**14.01**    Either Side May Terminate the Agreement. Plaintiffs and Defendant

shall each have the right to unilaterally terminate this Agreement by providing written notice of his or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

        a.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

        b.     an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        c.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties; or

        d.     the Final Approval Date does not occur for another reason.

**14.02**     **Termination if Large Number of Opt–Outs.** If, as of the Opt-Out Deadline, more than 500 Class Members have opted-out of the Settlement pursuant to Section X, NMAC shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

**14.03**     **Revert to Status Quo.** If either Plaintiffs or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to NMAC, but such payments shall constitute recoverable costs to the extent allowed by law.

## XV.

## NO ADMISSION OF LIABILITY

**15.01**        Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Action.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of NMAC or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of NMAC in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**15.02**        Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

# XVI.

## TAXES

**16.01**        Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B 1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B 1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**16.02**        Claims Administrator is "Administrator". For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B 2(k)). Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**16.03**        Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be

imposed upon NMAC or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

16.04     Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund subject to Court approval.

16.05     Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

16.06     Defendant Is Not Responsible.  In no event shall NMAC or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiffs, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold NMAC and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## XVII.

## MISCELLANEOUS

17.01     Entire Agreement.  This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  Any previous memoranda regarding settlement are

superseded by this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**17.02** Governing Law.  This Agreement shall be governed by the laws of the State of California.

**17.03** Jurisdiction.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Settlement Class Members, and any objector for purposes of the approval, administration, and enforcement of this Agreement.

**17.04** No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05** Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**17.06** Counterparts.  This Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one agreement, and may be executed and transmitted to any other Party by email, facsimile or .pdf, which email, facsimile or .pdf shall be deemed to be, and utilized in all respects as, an original wet-inked document.

**17.07** Time Periods.  The time periods and dates described herein are subject

to Court approval and deadlines set by Court order may only be modified upon order of the Court.

     **17.08**       Authority.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

     **17.09**       No Oral Modifications.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiffs, and approved by the Court.

     **17.10**       Publicity and Confidentiality.  Subject to Section 8.03, the Parties agree that they will not initiate any publicity of the Settlement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement prior to Final Approval without prior approval of the Court.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section VIII, above.

     **17.11**       Notices.  Any changes to the dates or conditions of the settlement following notice to the class shall be made using the Settlement Website.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

     If to Class Counsel:

Bryan Kemnitzer
Adam J. McNeile
Kemnitzer, Barron & Krieg, LLP
354 Pine Street, 5th Floor
San Francisco, CA  94104
Telephone: (415) 632-1900
Facsimile: (415) 275-7895
bryan@kbklegal.com

adam@kbklegal.com

Ian Lyngklip
Lyngklip & Associates, Consumer Law Center, PLC
24500 Northwestern Hwy #206
Southfield, MI 48075
Telephone:  (248) 208-8864
ian@michiganconsumerlaw.com

<u>If to Counsel for Defendant</u>

Mark D. Lonergan
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mdl@severson.com

Scott J. Hyman
Genevieve R. Walser-Jolly
Severson & Werson
A Professional Corporation
19100 Von Karman Avenue, Suite 700
Irvine, CA  92612
Telephone: (949) 772-4100
Facsimile: (949) 772-4118
sjh@severson.com
grw@severson.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of July __, 2019.


DATED: ___7/11/2019___          Plaintiff Aram Terteryan



DATED: ___7/11/2019___          Plaintiff Marine Davtyan



DATED: ___7/11/2019___          Plaintiff Tatyana Davtyan



DATED: _____          Defendant Nissan Motor Acceptance
                                Corporation


                                Name: _____
                                Title: _____

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of July __, 2019.


DATED: _____        Plaintiff Aram Terteryan


                                  _____


DATED: _____        Plaintiff Marine Davtyan


                                  _____


DATED: _____        Plaintiff Tatyana Davtyan


                                  _____


DATED: _____        Defendant Nissan Motor Acceptance
                                  Corporation

                                  Name: _____
                                  Title: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _July 12, 2019_

SEVERSON & WERSON
A Professional Corporation

By: _____
Mark D. Lonergan
Scott J. Hyman
Genevieve R. Walser-Jolly
Attorneys for Defendant Nissan Motor
Acceptance Corporation

DATED: 7/11/2019

KEMNITZER, BARRON & KRIEG, LLP

By: _____
Bryan Kemnitzer
Adam J. McNeile
Class Counsel

DATED: 7/12/19

LYNGKLIP & ASSOCIATES CONSUMER
LAW CENTER, PLC

By: _____
Ian Lyngklip
Class Counsel

EXHIBIT "A"

**Claim Form**
*Terteryan, et al. v. Nissan Motor Acceptance Corp.*

(This claim form should only be used if a claim is being mailed in and is not being filed online at www._____.com or through the telephone claim filing services at 1-XXX-XXX-XXXX.)

---

## NAME

First Name: _____

Last Name: _____

---

## CURRENT ADDRESS AND PHONE NUMBER

Street Address 1: _____

Street Address 2: _____

City and State: _____

Postal Code / Zip Code: _____

Current Phone Number: _____

---

**CLAIM ID NUMBER** _____
(If known; this number is on the front of the postcard you may have received.)

---

## APPLICABLE CELL PHONE NUMBER

Cell Phone Number to which you received an NMAC Call: _____

(Your cell phone number must be listed in our records as one called by Nissan Motor Acceptance Corporation ("NMAC") and included in the Settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.)

---

## CERTIFICATION

By submitting this Claim Form, I certify under penalty of perjury that (1) did not have a contract or account with NMAC between March 24, 2012 and _____, and (2) I received a call on the cell phone number above from Nissan Motor Acceptance Corporation ("NMAC").

---

**Please submit your completed claim form, postmarked no later than [date] to:**
**Terteryan NMAC TCPA Settlement, c/o [Claims Administrator], P.O. Box XXXXX, [City, State  ZIP]**

EXHIBIT "B"

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

10   ARAM TERTERYAN, individually          Case No. 2:16-cv-02029 GW (KSx)
     and on behalf of all others similarly   Hon. George H. Wu
11   situated,                              Ctrm. 9D – 1st Street

12              Plaintiff,                  **CLASS ACTION**

13         vs.                              **[PROPOSED] FINAL APPROVAL
                                            ORDER**
14   NISSAN MOTOR ACCEPTANCE
     CORPORATION,                           Action Filed:  March 24, 2016
15                                          Trial Date:    None Set
                Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

The Court having held a Final Approval Hearing on _____ 2019, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED AND DECREED as follows:

1.      The Settlement Agreement dated March __, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

Settlement Class.

All persons in the United States to whose cellular telephones Nissan Motor Acceptance Corporation ("NMAC") placed one or more non-emergency Calls using equipment that constitutes or may constitute an automatic telephone dialing system or an artificial or prerecorded voice during the Class Period and who were not a party to any agreement with NMAC.  NMAC and any affiliate or subsidiary of NMAC, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opted out of the Settlement Class, are excluded from the Settlement Class, are excluded from the Settlement Class.

3.      The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

4.      The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, and

NMAC.

5.      The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and that the relief provided to for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3), which here consists of the Settlement Agreement previously submitted to the Court as Ex. __ to the motion for preliminary approval, Dkt. No. __, Ex. __; and (D) the proposal treats class members equitably relative to each other.  The Court therefore directs consummation pursuant to the Settlement Agreement's terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

6.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

7.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8.      This Court hereby finds and concludes that notice was provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715, and fully satisfied the requirements of that statute.

9. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

10. Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by NMAC, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13.    If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14.    In the event that any provision of the Settlement or this Order is asserted by NMAC as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15.    The Court shall address Class Counsel's application for fees and costs, as well as the Plaintiffs' request for incentive awards, in a separate Order.

16.    Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith, in the form of the proposed judgment agreed by the Parties and

[PROPOSED] FINAL APPROVAL ORDER

submitted as Exhibit E to Plaintiffs' Motion for preliminary approval of the Settlement.

17.    The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**IT IS SO ORDERED.**

Dated:_____    _____
                                 Hon. George H. Wu
                                 United States District Court Judge

EXHIBIT "C"

<u>United States District Court for the Central District of California</u>

# If You Received A Call From Nissan Motor Acceptance Corporation On Your Cellular Telephone By Means Of An Automatic Telephone Dialing System And/Or An Artificial Or Prerecorded Voice And You Were Not A Party To Any Contract With Nissan Motor Acceptance Corporation, You Could Receive A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A non-customer brought a lawsuit alleging that Nissan Motor Acceptance Corporation ("NMAC" or "Defendant"), violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The lawsuit alleges that NMAC used an automatic telephone dialing system and/or an artificial or prerecorded voice to initiate calls ("Automatic Calls") to cell phones of non-customers of NMAC without prior express consent. NMAC denies these allegations.

- A settlement has been reached in this case, which affects individuals who received an Automatic Call regarding an NMAC automobile financing account, and the person receiving the Automatic Call was not a party to any agreement with NMAC, between March 24, 2012 and _____.

- The Settlement, if approved, would provide $2,200,000.00 to pay valid and timely claims of those persons who received any of the above-described Automatic Calls from NMAC, as well as to pay Class Counsel's attorneys' fees and costs, a service award to the Class Representatives, and administrative costs of the Settlement; avoid the further cost and risk associated with continuing the lawsuit; and release NMAC from further liability.

- **Your legal rights are affected whether you act or don't act. You will only receive a payment if you act by responding to this Notice. Please read this Notice carefully.**

- **On the website, www._____.com, there is a complete notice of the Settlement in Spanish. En el sitio web, www._____.com, hay una notificacion completa del acuerdo en Espaiiol. Para escuchar esta informacion en espaiiol, favor de llamar a la linea de asistencia del arreglo al 1-_____.**

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely Claim Form online at www._____.com or by mail to Terteryan NMAC TCPA Settlement, P.O. Box _____, _____, or by calling the toll-free number, 1-_____, postmarked by _____, **2019.** If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue NMAC separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against NMAC with respect to the legal claims in this case. You may bring your own lawsuit to recover any claimed damages. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them -** are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................... **PAGE 2**

1   Why is there a notice?

2.   What is this class action lawsuit about?

3.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ....................................................................................... **PAGE 3**

4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**........................................................ **PAGE 3**

5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ......................................................................................... **PAGE 4**

6.   How and when can I get a payment?

7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .................................................. **PAGE 5**

8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**.......................................................................... **PAGE 5**

9.   Do I have a lawyer in this case?

10.  How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** .............................................................................. **PAGE 6**

11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ............................................................................ **PAGE 8**

12.  When and where will the Court decide whether to approve the Settlement?

13.  May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................................................... **PAGE 8**

14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................................... **PAGE 8**

15.  How do I get more information?

## BASIC INFORMATION

### 1. Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Plaintiffs' analysis of NMAC's records, you may have received one or more Automatic Calls from NMAC in connection with an automobile retail installment sale contract that you were not a party to, between March 24, 2012 and _____.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Terteryan, et al. v. Nissan Motor Acceptance Corp.,* Case 2:16-cv-02029 GW (C.D. Cal.). The proposed Settlement would resolve all claims in this case. The people who sued are called the Plaintiffs and the company sued, Nissan Motor Acceptance Corporation, is called the Defendant and is referred to in this Notice as "NMAC."

| **2.  What is this class action lawsuit about?** |
| --- |

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representatives filed this Action alleging that NMAC violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of the recipients.

NMAC denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

| **3.  Why is there a Settlement?** |
| --- |

The Court did not decide in favor of the Plaintiffs or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will be guaranteed to get compensation if they submit a valid claim form. The Class Representatives and their attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| **4.  How do I know if I am part of the Settlement?** |
| --- |

The Settlement provides relief for all Class Members, who are described as all persons in the United States to whose cellular telephones NMAC placed one or more non-emergency telephone calls with equipment that constitutes or may constitute an automatic telephone dialing system, as well as artificial or prerecorded voice calls, between March 24, 2012 and _____ who were not a party to any agreement with NMAC.

Excluded from the Class is NMAC, any affiliate or subsidiary of NMAC, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.  None of the attorneys involved or the Court can participate as Class Members of this Settlement.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-_____ or visit www._____.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

| **5.  What does the Settlement provide?** |
| --- |

NMAC has agreed to pay a total settlement amount of $2,200,000, which will be used to create a Settlement Fund to pay Cash Awards to Settlement Class Members who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representatives, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Settlement Awards may be distributed to Class Members who submitted a valid and timely claim and cashed settlement checks. However, if a further distribution would result in less than $1 per qualifying claimant, the remaining monies will instead be donated to The Samuelson Law Clinic, as the *cy pres* recipient.

## HOW YOU GET A PAYMENT

| **6.  How and when can I get a payment?** |
| --- |

Each Class Member who submits a valid and timely Claim Form will receive a Cash Award. A Cash Award is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimate that the amount of the Cash Award (while dependent upon the number of claims) may be within the range of $__ to $__. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims must be postmarked by _____. They may be submitted electronically via the Settlement Website, by calling the toll-free number 1-_____, or by mail to:

     Terteryan NMAC TCPA Settlement, P.O. Box _____, _____

If you did not receive a Claim number via mail previously then you must file your claim by mail to:

     Terteryan NMAC TCPA Settlement, P.O. Box _____, _____

You may obtain a Claim Form from the website by selecting the "Print and Mail" option under the File a Claim section or you may request a Claim Form to be mailed to your address by calling the toll-free number 1-_____.

If you are Class Member and need help with the claim form the Class Administrator and law firms representing the Class listed in Question 9 can help you complete and submit your claim.

The Court will hold a hearing on _____, 2019, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

| **7.  What am I giving up to get a payment or stay in the Class?** |
| --- |

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against NMAC about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

For non-emergency calls made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, NMAC has denied that it made any illegal calls to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits Class Members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release NMAC from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you, as well as your respective assigns, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). You further agree that you and they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you

may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.

"Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members during the Class Period. Nothing in the Settlement shall be construed as a waiver of Settlement Class Members' rights to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue NMAC on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

**8.  How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Terteryan, et al. v. Nissan Motor Acceptance Corp.,* Case No. 2:16-cv-02029 GW (C.D. Cal.). Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than _____, 2019,** to:

Terteryan NMAC TCPA Settlement, P.O. Box _____, _____

If you ask to be excluded, you will not get any Cash Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) NMAC in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

## THE LAWYERS REPRESENTING YOU

**9.  Do I have a lawyer in this case?**

The Court appointed the following law firms to represent you and other Class Members:

Kemnitzer, Barron & Krieg, LLP and Lyngklip & Associates, Consumer Law Center, PLC have been designated as co-lead class counsel.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

| **10.How will the lawyers and class representatives be paid?** |
| --- |

Class Counsel will ask the Court to approve payment of up to $_____ (__% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of $10,000 to each of the Class Representatives, as compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs and Class Representatives' payment may be filed, and must be postmarked, no later than _____, 2019, which is 30 days following the filing of Class Counsel's motion for an award of attorneys' fees and costs and Class Representatives' payment.

## OBJECTING TO THE SETTLEMENT
You can tell the Court that you do not agree with the Settlement or some part of it.

| **11.How do I tell the Court that I do not think the Settlement is fair?** |
| --- |

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Terteryan, et al. v. Nissan Motor Acceptance Corp.,* Case No. 2:16-cv-02029 GW (C.D. Cal.). Be sure to include your full name, address, current phone number, cellular telephone number(s) NMAC called, the reasons you object to the Settlement, and whether you intend to appear at the Fairness Hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to the Action or your objection.  If you choose not to appear at the Fairness Hearing you will waive your right to appeal. Any documents that you wish for the Court to consider must also be attached to the objection, and your objection should also be sent to Class Counsel and counsel for NMAC. **Your objection to the Settlement must be filed no later than _____, 2019.**

The objection must be provided as follows to the following:

| For Filing: | By Mail: |
|---|---|
| *Terteryan et al. v. Nissan Motor Acceptance Corp.* | Bryan Kemnitzer |
| Case No. 2:16-cv-02029 GW (C.D. Cal.). | Adam J. McNeile |
| Kiry Gray | Kemnitzer, Barron & Krieg, LLP |
| Clerk of the Court | 354 Pine Street, 5th Floor |
| U.S. District Court for the | San Francisco, CA  94104 |
| Central District of California | |
| Clerk of the Court | Ian Lyngklip |
| 350 W 1st Street, Suite 4311 | Lyngklip & Associates, Consumer Law Center, PLC |
| Los Angeles, CA 90012-4565 | 24500 Northwestern Hwy #206 |
| | Southfield, MI  48075 |
| | *Attorneys for Plaintiff and the Settlement Class* |
| | _____ |
| | Mark D. Lonergan |
| | Rebecca S. Saelao |
| | Severson & Werson |
| | A Professional Corporation |
| | One Embarcadero Center, Suite 2600 |
| | San Francisco, CA  94111 |
| | |
| | Scott J. Hyman |
| | Genevieve R. Walser-Jolly |
| | Severson & Werson |
| | A Professional Corporation |
| | 19100 Von Karman Avenue, Suite 700 |
| | Irvine, CA  92612 |
| | |
| | *Attorneys for Defendant* |

## THE COURT'S FAIRNESS HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at ___ a.m. on _____, 2019, at the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA, 90012, in Courtroom 9D. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Terteryan, et al. v. Nissan Motor Acceptance Corp.,* Case No. 2:16-cv-02029 GW (C.D. Cal.). Be sure to include your full name, address, and telephone number. Your letter stating your notice of intention to appear must be postmarked no later than _____, 2019, and be sent to the Kiry Gray, Clerk of the Court, United States District Court for the Central District of California, 350 W 1st Street, Suite 4311, Los Angeles, CA 90012-4565.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 14. What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against NMAC about the legal issues in this case ever again.

## GETTING MORE INFORMATION

### 15. How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-_____, writing to: Terteryan NMAC TCPA Settlement, P.O. Box _____, _____; or visiting the website at www._____.com, where you will also find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**On the website, www._____.com, there is a complete notice of the Settlement in Spanish.**

**En el sitio web, www._____.com, hay una notificacion completa del acuerdo en Espaiñol.**

### 16. How can I find out if there are any changes to the time for the Fairness Hearing or to the Settlement?

Any changes to the date and time of the Fairness Hearing will be posted to the Website for the settlement at www._____.com.  If there are any changes to the Settlement, including the proposed date of any distributions, will also be posted on this Website.

EXHIBIT "D"

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

10

| | |
|---|---|
| ARAM TERTERYAN, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-02029 GW (KSx)<br>Hon. George H. Wu<br>Ctrm. 9D – 1st Street |
| Plaintiff, | **CLASS ACTION** |
| vs. | [PROPOSED] ORDER<br>1)   CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,<br>2)   PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,<br>3)   APPROVING NOTICE PLAN, AND<br>4)   SETTING FINAL APPROVAL HEARING |
| NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | |
| | Action Filed:   March 24, 2016<br>Trial Date:     None Set |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06888.0238/14943145.1                                                            2:16-cv-02029 GW (KSx)

[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing

This matter having come before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan, individually and on behalf of the Settlement Class ("Plaintiffs"), and Nissan Motor Acceptance Corporation ("NMAC" or "Defendant"), as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2.      Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on this evaluation, the Court finds pursuant to Federal Rule of Civil Procedure 23(e)(B) that providing notice to all Settlement Class Members is justified by the parties' showing that that Court will likely be able to (i) approve the parties' proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the parties' proposal, for the reasons set for the herein.  The Court further finds there is cause to believe that: (A) the Class Representatives and Class Counsel have adequately represented the Class; (B) the proposal was negotiated at arm's length;(C) the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3), which here consists of the parties' Settlement Agreement; and (D) the proposal treats Class Members equitably relative to each other.

[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing

4.      The Court therefore finds that (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted; and (iv) that the proposed plan for notice within the Agreement is reasonably calculated to provide best notice practicable to the class members.  Therefore, the Court grants preliminary approval of the Settlement.

5.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

All persons in the United States to whose cellular telephones NMAC placed one or more non-emergency Calls using equipment that constitutes or may constitute an automatic telephone dialing system or an artificial or prerecorded voice during the Class Period and who were not a party to any agreement with NMAC. NMAC and any affiliate or subsidiary of NMAC, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class, are excluded from the Settlement Class.  Also excluded are the staff of the Court and counsel in this case.

6.      The Court hereby appoints Aram Terteryan, Marine Davtyan, and Tatyana Davtyan as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      The Court appoints Kemnitzer, Barron & Krieg, LLP and Lyngklip & Associates, Consumer Law Center, PLC as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.On **[DATE]**, in Courtroom 9D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, or at such other date and time later set by Court Order, this Court will hold a Final

Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiffs, should be granted, and in what amount.  No later than **[DATE]**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing,  Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **[DATE]**.

8.       Pursuant to the Agreement, _____ is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9.       The Court approves the proposed plan for Notice to the Settlement Class (i) directly via mailed Notice to persons on the Notice List, (ii) publication notice, at a minimum in a newspaper as set forth in the Agreement, and also via any online banner advertising; (iii) through a toll-free telephone number; (iv) through a press release; and (v) by establishing a Settlement Website at the web address of www._____.com, as more fully described in the Agreement.  The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than **[DATE],** in accordance with the terms of the Agreement.

10.       The Claims Administrator will file with the Court by no later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary

Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[DATE]**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

13. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

15. To object to the Settlement, Settlement Class Members must follow the

directions in the Notice and file a written Objection with the Court by the Objection Deadline.  In the written Objection, the Settlement Class Member must state his or her full name, address, current telephone number, and cellular telephone number(s) that the Settlement Class Member alleges received a call from Defendant.  He or she must also state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection.  Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection.  No Objection will be valid unless all of the information described above is included.  Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant.  The Parties will have the right to conduct discovery within the limits of Rule 26 from any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

16.    If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive award in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline, and comply with all other requirements of the Court for such an appearance.

17.    Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or

[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing

other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action.  All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.  Unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing or withdrawing an objection to this Settlement as set forth in Fed. R. Civ.P. 23.  Similarly, unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing, dismissing, or abandoning an appeal from the Final Approval Order, as set forth in Fed. R. Civ.P. 23.  Any objector who fails to appear at the Final Approval Hearing in person or through counsel shall be foreclosed from seeking any review of the Agreement by appeal or other means.

18.	Any request for attorney's fees and costs to be paid from the Settlement Fund must be filed prior to the Final approval Hearing and be support by a motion and brief in support of the requested fee.  Any person who requests Attorneys' Fees in connection with this the Settlement must appear at the Final Approval Hearing either in person or through counsel.  No party may pay Attorney's Fees, Costs or any Incentive Award relating to this Settlement unless approved by the Court.

19.	Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20.	If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the

Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

21. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

22. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

23. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[DATE]** [120 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **[DATE]** [30 days after the Settlement Notice | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award |

[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing

| Date, adjusted for the weekend] | |
|---|---|
| **[DATE]** [60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **[DATE]** [14 days before the Final Approval Hearing] | Deadline for Parties to File the Following: (1) List of Class Members who Made Timely and Proper Requests for Exclusion; (2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and (3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **[DATE]** [90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| **[ DATE], at [TIME]** | Final Approval Hearing |

**SO ORDERED.**


Dated:_____          _____

Hon. George H. Wu
United States District Court Judge

EXHIBIT "E"

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION**

| | |
|---|---|
| ARAM TERTERYAN, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-02029 GW (KSx)<br>Hon. George H. Wu<br>Ctrm. 9D – 1st Street |
| Plaintiff, | **CLASS ACTION** |
| vs. | **[PROPOSED] FINAL JUDGMENT** |
| NISSAN MOTOR ACCEPTANCE CORPORATION, | Action Filed:   March 24, 2016<br>Trial Date:      None Set |
| Defendant. | |

Pursuant to the Parties' Settlement Agreement, dated March __, 2019 (the "Settlement Agreement")[1] as approved by the Court's separate Final Approval Order, entered as Dkt. No. __, it is hereby ADJUDGED AND DECREED as follows:

The Settlement Agreement provides that Nissan Motor Acceptance Corporation ("NMAC") pay $2,200,000.00 (the "Settlement Fund") in full settlement of all Released Claims. The Court grants the following awards which shall be paid out of the Settlement Fund: attorney fees of $_____ and litigation expenses of $_____ to Class Counsel; and awards of $_____ each to named Plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan.

**IT IS SO ADJUDGED AND DECREED.**

Dated:_____   _____

Hon. George H. Wu
United States District Court Judge

---

[1] The Parties' Settlement Agreement and exhibits, and the definition of words and terms contained therein, are incorporated by reference into this Judgment.