# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| ARAM TERTERYAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>    Defendant. | Case No. CV 16-2029-GW-KSx<br>Hon. George H. Wu<br>Ctrm. 9D – 1st Street<br><br>**CLASS ACTION**<br><br>ORDER<br>1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS,<br>2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,<br>3) APPROVING NOTICE PLAN, AND<br>4) SETTING FINAL APPROVAL HEARING<br><br>Action Filed:  March 24, 2016<br>Trial Date:    None Set |

This matter having come before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan, individually and on behalf of the Settlement Class ("Plaintiffs"), and Nissan Motor Acceptance Corporation ("NMAC" or "Defendant"), as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on this evaluation, the Court finds pursuant to Federal Rule of Civil Procedure 23(e)(B) that providing notice to all Settlement Class Members is justified by the parties' showing that that Court will likely be able to (i) approve the parties' proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the parties' proposal, for the reasons set for the herein.  The Court further finds there is cause to believe that: (A) the Class Representatives and Class Counsel have adequately represented the Class; (B) the proposal was negotiated at arm's length;(C) the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3), which here consists of the parties' Settlement Agreement; and (D) the proposal treats Class Members equitably relative to each other.

4.      The Court therefore finds that (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted; and (iv) that the proposed plan for notice within the Agreement is reasonably calculated to provide best notice practicable to the class members.  Therefore, the Court grants preliminary approval of the Settlement.

5.      The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following <u>Settlement Class</u>:  a.  all persons in the United States to whose cellular telephones NMAC placed one or more non-emergency Calls  b. using equipment that constitutes or may constitute an automatic telephone dialing system or an artificial or prerecorded voice  c. during the Class Period and d. who were not a party to any agreement with NMAC.  NMAC, any affiliate or subsidiary of NMAC, any entities in which any of such companies have a controlling interest, the staff of the Court, and counsel in this case are excluded from the Class.

6.      The Court hereby appoints Aram Terteryan, Marine Davtyan, and Tatyana Davtyan as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      The Court appoints Kemnitzer, Barron & Krieg, LLP and Lyngklip & Associates, Consumer Law Center, PLC as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  On **November 9, 2020**, in Courtroom 9D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied

by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiffs, should be granted, and in what amount.  No later than **May 5, 2020**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **October 26, 2020**, which is fourteen (14) days prior to the Final Approval Hearing,  Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **November 2, 2020**.

8. Pursuant to the Agreement, Kurtzman Carson Consultants, LLC is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9. The Court approves the proposed plan for Notice to the Settlement Class (i) directly via mailed Notice to persons on the Notice List, (ii) publication notice, at a minimum in a newspaper as set forth in the Agreement, and also via any online banner advertising; (iii) through a toll-free telephone number; (iv) through a press release; and (v) by establishing a Settlement Website at the web address of www.TerteryanTCPASettlement.com, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than **March 16, 2020,** in accordance with the terms of the Agreement.

10. The Claims Administrator will file with the Court by no later than **October 26, 2020**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28

U.S.C. § 1715.

11. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **May 15, 2020**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

13. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

15. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection

Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, current telephone number, and cellular telephone number(s) that the Settlement Class Member alleges received a call from Defendant. He or she must also state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection. No Objection will be valid unless all of the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant. The Parties will have the right to conduct discovery within the limits of Rule 26 from any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

16. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive award in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline, and comply with all other requirements of the Court for such an appearance.

17. Any Settlement Class Member who fails to timely file a written objection with the Court in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the

Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.  Unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing or withdrawing an objection to this Settlement as set forth in Fed. R. Civ.P. 23.  Similarly, unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with forgoing, dismissing, or abandoning an appeal from the Final Approval Order, as set forth in Fed. R. Civ.P. 23.

18. Any request for attorney's fees and costs to be paid from the Settlement Fund must be filed prior to the Final approval Hearing and be support by a motion and brief in support of the requested fee.  Any person who requests Attorneys' Fees in connection with this the Settlement must appear at the Final Approval Hearing either in person or through counsel.  No party may pay Attorney's Fees, Costs or any Incentive Award relating to this Settlement unless approved by the Court.

19. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

20. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent

06888.0238/15070140.1                                       6                                  2:16-cv-02029 GW (KSx)
[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing

class certification decision.

21. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

22. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

23. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **March 16, 2020** [155 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **May 5, 2020** [50 days after the Settlement Notice Date, adjusted for the weekend] | Deadline for Plaintiff's Motion for Attorneys' Fees |
| **May 15, 2020** [60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion/Opt-Outs |
| **October 26, 2020** [14 days before | Deadline for Parties to File the Following: (1) List of Class Members who Made Timely and Proper |

| | |
|---|---|
| the Final Approval Hearing] | Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice; and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **June 15, 2020** [90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| **November 9, 2020 at 8:30 a.m.** | Final Approval Hearing |

**SO ORDERED.**

Dated: October 11, 2019  _____
                         HON. GEORGE H WU,
                         United States District Judge

06888.0238/15070140.1                          8                      2:16-cv-02029 GW (KSx)
[Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing