KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER        Bar No. 066401
KRISTIN KEMNITZER      Bar No. 278946
ADAM MCNEILE           Bar No. 280296
42 Miller Ave., 3rd Floor
Mill Valley, CA 94941
Telephone: (415) 632-1900
Facsimile: (415) 632-1900
bryan@kbklegal.com
kristin@kbklegal.com
adam@kbklegal.com

LYNGKLIP & ASSOCIATES, PLC
IAN LYNGKLIP           Bar No. P47173
24500 Northwestern Hwy #206
Southfield, MI 48075
Telephone: (248) 208-8864
ian@consumerlawyers.com

Admitted *Pro Hac Vice*

Attorneys for Plaintiffs Aram Terteryan, Tatyana Davtyan, Marine Davtyan, and the putative class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARAM TERTERYAN, TATYANA DAVTYAN, and MARINE DAVTYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant | Case No. 2:16-cv-02029-GW-KS<br><br>CLASS ACTION<br><br>**DECLARATION OF BRYAN KEMNITZER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARDS AT FINAL APPROVAL**<br><br>**Date:  August 22, 2022**<br>**Time:  8:30 a.m.**<br>**Courtroom 9D – 9th Floor (1st St.)**<br>**Hon. George H. Wu** |

I, BRYAN KEMNITZER, DECLARE:

1.      I am an attorney licensed to practice law in California. Our law firm, Kemnitzer, Barron

1

1   & Krieg LLP, was retained by representatives Aram Terteryan, Tatyana Davtyan, and Marine

2   Davtyan ("Class Representatives" or "Plaintiffs") in this litigation against Nissan Motor

3   Acceptance Corporation ("NMAC" or "Defendant"). I have personal knowledge of the

4   information stated below, based on my participation in the litigation and my review of the file,

5   and am competent to testify thereto.

6   2.      Our law firm, Kemnitzer Barron & Krieg LLP, has extensive experience representing

7   consumers in class actions and unfair business litigation. I make this declaration in support of

8   Plaintiffs' Motion for Attorneys' Fees in this action.

9   3.      The facts and procedural history stated in the accompanying memorandum in support of

10   this motion are accurate to the best of my knowledge based upon my review of the file,

11   discussions with opposing counsel and co-counsel, evaluation of documents produced, research

12   and discovery in this matter.

13          **I.      PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS**

14   4.      Pursuant to paragraphs 5.01, 5.02, and 5.03 of the Settlement Agreement, class counsel is

15   requesting fees of $733,333.00; 1/3 of the settlement fund; plus costs of $128,927.20 pursuant to

16   paragraphs 2.35 and 2.36.

17   5.      Class counsel's costs and expenses from the Settlement Fund (¶2.36) are part of the

18   Settlement Costs as defined in ¶2.35.

19          **II.     FEES AND COSTS INCURRED; REQUEST FOR FEES AND COSTS**

20   6.      In this case, as of May 20, 2022, Kemnitzer, Barron & Krieg has put in 1,417.70 hours of

21   attorney and staff time, totaling $964,107.50 in fees, and $54,327.44 in out-of-pocket expenses

22   prosecuting this matter.

| Kemnitzer, Barron & Krieg, LLP | |
|---|---|
| Lodestar<br>(from start of case through May 20, 2022)<br>Time slip summary (**Exhibit A**); (a detailed time slips report (87 pages) from BQE will be provided upon request). | $964,107.50 |
| Total Costs:<br>(from start of case through May 20, 2022) (**Exhibit A**) | $54,327.44 |

28   7.      A summary of the fees for each specific individual at our firm from the start of the action

through May 20, 2022 is as follows (**Exhibit A**):

| Timekeeper | Hours Spent | Fees |
|---|---|---|
| Bryan Kemnitzer (@ $850/hr.) | 438.30 | $372,555.00 |
| Nancy Barron (@ $850/hr.) | 53.90 | $45,815.00 |
| Kristin Kemnitzer (@ $650/hr.) | 190.20 | $123,630.00 |
| Adam McNeile (@ $650/hr.) | 586.40 | $381.160.00 |
| Sean Barry (@ $275/hr.) | 148.90 | $40,947.50 |

8.      Lyngklip & Associates have set forth their fees and accosts in Ian Lyngklip's declaration.

### III.    USE OF BILLQUICK FOR TIME SLIPS

9.      Our firm utilizes computer software called "BQE Core Legal" that assists in keeping track of actual time expended in performing various legal tasks on any given case. Our firm bills in minimum increments of one tenth of an hour (0.1), or six minutes. We do not round up.

10.      Insofar as the records of fees, costs, and expenses are concerned regarding each individual case file in the office, I am a custodian of those records. These time records are routinely prepared in the ordinary course of business, by the individuals with personal knowledge of the tasks performed and who have the responsibility to enter their time into the computer, at or near the time each task is actually performed.

11.      In reviewing our detailed fees and costs, I used billing judgment to ensure that all time expended on this case was necessary to reach the excellent settlement obtained. I extensively reviewed every single one of our firms' billing entries for this case and cut all time I deemed to be excessive or unnecessary for the prosecution of this matter, including taking out seven employees who had billed on the case.

12.      Within our computer software, staff and attorneys use task-based billing codes to categorize time.

**L100 – Case Assessment and Development**

13.      KBK's "L100" billing category includes Class Counsel's work performed assessing and developing the theories underlying the case and performing the paralegal and development tasks necessary to prosecute and resolve the case. Accordingly, one of the paramount aspects of this billing category is that it includes Class Counsel's pre-litigation meetings with the potential client, the assessment as to the viability of the potential case, and paralegal time during the

prosecution of the case. KBK is *very* selective with respect to cases it takes, agreeing to represent less than 5% of potential clients who contact our office. This billing category also includes time spent on paralegal tasks performed by Class Counsel's senior paralegal working on this matter. All of the time spent performing the tasks in this billing category is documented extensively in Class Counsel's billing records. In all, Class Counsel's attorneys and staff spent approximately 226 hours and $123,587.50 performing work in this billing category.

**L160 – Settlement/Non-Binding ADR**

14.     The "L160" billing category includes time Class Counsel spent preparing for and participating in the mediation and two settlement conferences in this case as well as time spent preparing and negotiating the terms of a highly technical settlement agreement, together with the exhibits thereto, and working extensively with opposing counsel to complete the settlement. In all, Class Counsel's attorneys and staff spent approximately 241.6 hours and $181,440.00 performing work in this billing category.

**L200 – Pre-Trial Pleadings and Motions**

15.     The "L200" billing category includes the time Class Counsel's attorneys and staff expended on drafting, reviewing, revising, and finalizing (i) the complaint; (ii) Opposition to Motion to Dismiss; (iii) Motion for Class Certification; (iv) Motion to Compel; (v) Joint Status Reports (vi) Motion for Preliminary Approval; and (vii) the instant Motion for Attorneys' fees and Costs. It also includes the time Class Counsel spent preparing for and attending hearings in this matter. This billing category also will include the time Class Counsel will spend preparing for and attending the final approval hearing. KBK has spent approximately 520.5 hours and $353,785.00 performing work in this billing category, but anticipate these amounts will increase as Class Counsel has yet to complete the final approval papers and anticipates that the class action approval process and work necessary to implement the settlement will increase the lodestar by approximately $20,000.00 based on the remaining work necessary to bring the case to conclusion.

**L250 – Travel**

16.     The "L250" billing category includes the time Class Counsel's attorneys and staff

Declaration of Bryan Kemnitzer In Support of Motion for Award of Attorneys' Fees

1  expended in traveling. The Class Counsel's attorneys and staff spent approximately 12.7 hours

2  and $10,355.00 performing work in this billing category.

3  **L300 – Discovery**

4  17.    This case involved extensive discovery, as set forth in greater detail in the Points and

5  Authorities in support of this motion. The Class Counsel's attorneys and staff spent

6  approximately 415 hours and $293,575.00 performing work in this billing category.

7  **IV.    CLASS COUNSEL'S EXPERIENCE**

8  **The Law Firm of Kemnitzer, Barron & Krieg**

9  18.    Our law office has extensive experience in consumer class action litigation, including

10  having tried a class action to judgment. Our law office has been appointed as lead counsel in

11  over 250 class actions. Class Counsel has decades of experience in consumer issues, and has

12  specialized in class actions for most of their lengthy careers

13  19.    Kemnitzer, Barron & Krieg's attorneys' hourly rates include many factors beyond personal

14  compensation, including office staff, equipment, insurance, research materials, and other overhead

15  expenses. The firm does not charge separately for secretarial time and other clerical costs, which are

16  also included in the hourly rate. Consumer litigation inevitably involves large corporations, which

17  have the capacity to bring enormous resources to bear that individual consumers are simply unable

18  to meet on their own. The partners manage this law firm to meet those challenges. This involves,

19  among other things IT costs, investigation and research costs that are much higher than those a more

20  generalized small firm might employ. This overhead is also included in attorneys' hourly rate. This

21  particular case could not have been brought and prosecuted, without this extensive support

22  foundation included in overhead.

23  20.    In contrast to the defense bar, in which attorneys compete for clients, there are not enough

24  plaintiffs' attorneys specializing in consumer protection litigation to meet the need. Kemnitzer,

25  Barron & Krieg takes fewer than 5% of the cases for clients who contact our office. The firm turns

26  away some meritorious cases for lack of resources.

27  21.    The firm spends a significant amount of time researching the merits of the case prior to

28  filing a complaint, in order to ensure that we only file meritorious complaints. Therefore, a

5

1  significant but necessary amount of time is spent conducting research on all factual and legal

2  aspects of the case prior to filing.

3  22.  Kemnitzer, Barron & Krieg, LLP is a boutique plaintiffs' firm. Currently, we have four

4  partners, and two paralegals.

5  23.  The reported cases in which lawyers from our firm have been involved include the

6  following:

- *Ibrahim v. Ford Motor Co.* (1989) 214 Cal.App.3d 878 (Song-Beverly Act)
- *Kwan v. Mercedes-Benz* (1994) 23 Cal.App.4th 174 (Song-Beverly Act)
- *Jensen v. BMW of North America* (1995) 36 Cal.App.4th 112 (Song-Beverly Act)
- *Music Acceptance v. Lofing* (1995) 32 Cal.App.4th 61 (Song-Beverly Act)
- *Bank of America v. Lallana* (1998) 19 Cal.4th 203 (Rees-Levering Act and Comm. Code)
- *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115 (Rees-Levering Act)
- *Joseph v. J.J. MacIntyre* (2002) 238 F. Supp.2d 1158 (Fair Debt Collection)
- *Gutierrez v Autowest Dodge* (2003) 114 Cal.App.4th 77 (Consumer Arbitration)
- *Joseph v. J.J. MacIntyre* (2003) 281 F. Supp.2d 1156 (Fair Debt Collection)
- *Graham v. DaimlerChrysler* (2004) 34 Cal.4th 553 (Private Attorney General Fees)
- *Fireside Bank v. Superior Court* (2007) 40 Cal.4th 1069 (Rees-Levering Class Action)
- *Juarez v. Arcadia Financial Ltd.* (2007) 152 Cal.App.4th 889 (Rees-Levering)
- *Pintos v. Pacific Creditors Association* (9th Cir. 2009) 605 F.3d 665 (Fair Debt Collection)
- *Arguelles v. Americredit Financial Services* (2010) 184 Cal.App.4th 825 (Consumer Arbitration)
- *Medrazo v. Honda of North Hollywood* (2012) Cal.App.4th 1
- *Pierce v. Western Surety Company,* (2012) 207 Cal.App.4th 83
- *Wohlgemuth v. Caterpillar Inc.,* (2012) 207 Cal. App. 4th 1252 (CCP §998)
- *Mejia v. DACM, Inc.* (2020) 54 Cal. App. 5th 691.

19  24.  Attached hereto as **Exhibit B**, is a list of some of the class action cases in which

20  Kemnitzer Barron & Krieg has served as class counsel, in most cases as lead counsel.

21  **V.    COURTS ROUTINELY APPROVE OUR FIRMS' HOURLY RATES**

22  25.  I request that $850.00 per hour be used to calculate the lodestar for Nancy Kemnitzer's

23  and my time, and $650.00 per hour to be used to calculate the lodestar for Adam McNeile's and

24  Kristin Kemnitzer's time. I request that $275.00 per hour be used to calculate the lodestar for our

25  paralegal, Sean Barry's time. I am familiar with hourly rates charged throughout California for

26  non-contingent civil class action litigation of comparable complexity. We know that our

27  contemporaries bill at rates ranging over $$650.00 - $950.00 per hour. Thus, the hourly rates

28  requested in this application are reasonable and representative of the rates charged by

comparable lawyers in fees-for-services cases. Our firm took this case on a contingent fee basis, and our clients are not contractually obligated to pay for any work unless there is a recovery. Thus, our firm assumed the clients' risk of loss.

26.     On February 13, 2018, the Hon. William F. Highberger approved my rate of $850 per hour in the case of *Ferreras v. Too Fast, Inc.*, Los Angeles County Superior Court, Case No. BC600720.

27.     On October 4, 2018, the Hon. Edward Weil approved my rate of $850 per hour in the case of *Rhoades v. Gateway One*, Contra Costa County Superior Court, Case No. MSC16-00659.

28.     On October 16, 2019, Hon. Thadd A. Blizzard approved my rate at $850 per hour in the case of *Shabestari v. Bank of the West et al.*, Sacramento County Superior Court, Case No. 34-2017-00210831.

29.     On December 12, 2019, Hon. Alan Perkins approved my rate at $850 per hour in the case of *Campf v. The Golden 1 Credit Union*, Sacramento County Superior Court, Case No. 34-2018-0228285.

30.     On January 14, 2020, Hon. William Claster approved my rate at $850 per hour in the case of *Melendez v. K Street Finance*, Orange County Superior Court Case No. 30-2014-00722412.

31.     On March 2, 2020, Hon. Barbara M. Scheper approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Fielder v. Mechanics Bank*, Los Angeles County Superior Court Case No. BC721391.

32.     On November 18, 2020, Hon. Ethan P. Schulman Scheper approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Autovest v. Saundrea Mabrey*, San Francisco County Superior Court Case No. CGC-18-566617.

33.     On December 16, 2020, Hon. Ronda J. McKaig approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Lawson v. Ventura County Credit Union* Ventura County Superior Court Case No. 56-2018-00520827.

34.     On January 19, 2021, Hon. Yvonne Palazuelos approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Buckingham v. Automotive Funding Group*, Los Angeles Superior Court Case No. BCC492394.

35.     On May 21, 2021, Hon. Maren E. Nelson approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Johnson v. Hyundai Capital, America, Inc*., Los Angeles Superior Court, Case No. BC565263.

36.     On September 15, 2021, Hon. Bernard C. Barman, Jr. approved Adam McNeile's rate at $650 per hour in the case of *Marrero v. Safe 1 Credit Union*, Kern County Superior Court Case No. BCV-20-101457.

37.     On February 10, 2022, Hon. Theresa M. Traban approved my rate at $850 per hour and Adam McNeile's rate at $650 per hour in the case of *Onoa v. Westlake Financial*, Los Angeles Superior Court, Case No. BC714108

38.     Our rates do not, however, reflect the contingency risk we assume, which hourly fee lawyers in corporate practices do not face. Most attorneys are unwilling to represent consumers due to the sizable risks involved and the disparities in resources available to the respective parties. Invariably, the consumer is the underdog financially, and adverse parties generally have huge financial resources. They retain attorneys on an hourly fee basis, instructing them to litigate vigorously. For the defendants, these amounts of money are relatively small, so the risk is not a concern. From the vantage point of the consumer, however, the risk is substantial and often overwhelming.

## VI.     QUALIFICATIONS OF ATTORNEYS AND STAFF

### A.     <u>Bryan Kemnitzer</u>

39.     I graduated from Stanford University with a B.A. in 1972, and from the University of the Pacific, McGeorge School of Law with a J.D. in 1975. I was admitted to the California Bar in 1975. I am rated "AV" in Martindale-Hubbell. I have been a civil litigator for nearly forty years. I have had further professional training as a civil trial lawyer through NITA courses and many continuing education programs. I have tried numerous jury cases to judgment and have served as an arbitrator and judge *pro tem.*

40.     I am a founding member of the law firm Kemnitzer, Barron & Krieg, LLP, which specializes in consumer litigation. My law practice is focused on representing consumers who have disputes with manufacturers, auto dealers and financial institutions. In addition to handling

1  a large number of these types of cases at the pre-trial and trial level, the firm has also done

2  significant work in this area in the California appellate courts.

3  41.     Throughout my career, I have been actively involved in a number of organizations

4  seeking to promote the interests of consumers through public interest litigation. For several

5  years, I was a member of the Board of Directors of the San Francisco Lawyer Referral Service

6  Association. I was a member of the Board of Governors of the Consumer Attorneys of California

7  (formerly California Trial Lawyers Association) for over five years, starting in 1999.

8  42.     I am a member of the National Association of Consumer Advocates, a non-profit

9  corporation formed in response to the belief that an organization of private and public sector

10  attorneys, legal services attorneys, law professors and students, whose primary practice or

11  interests involve the protection and representation of consumers, was needed. Its mission is to

12  promote justice for all consumers by maintaining a forum for information sharing among

13  consumer advocates across the country and to serve as a voice for its members as well as

14  consumers in the ongoing struggle to curb unfair and abusive business practices.

15  43.     I have lectured on various aspects of consumer rights litigation at numerous professional

16  seminars, including the annual conferences for the National Consumer Law Center, National

17  Association of Consumer Advocates, the Consumer Attorneys of California, and the Practicing Law

18  Institute's Consumer Financial Service Litigation Program. I was a speaker for the Bridgeport Class

19  Action Seminar in San Francisco regarding Arbitration and Class Actions and spoke at another

20  Bridgeport conference regarding taking effective depositions. I have testified on these issues before

21  various Sub-Committees of the California Assembly and Senate, and at the Federal Trade

22  Commission in Washington.

23  44.     In 2008, I was invited to give an intensive training to JAG officers and civilian legal

24  services lawyers serving the Coast Guard.

25  45.     I have been a guest lecturer at University of California Berkley School of Law (Boalt

26  Hall) on numerous occasions. Specifically, in 2011, I spoke at a class regarding mediation and in

27  2014 spoke at an FTC conference held at the school, speaking on consumer issues facing

28  minorities and recent immigrants. In 2011, I talked with law students at the East Bay Community

Law Center regarding consumer protection law.

46.     From 2002 to 2012, I was the chair of the National Consumer Law Center's development arm, the Partner's Council. The National Consumer Law Center (NCLC), based in Boston, is the nation's premiere provider of resources for consumer law. Not only does NCLC have numerous publications to assist consumer advocates; it also has an annual convention, participates in consumer class action litigation, and does in-depth investigation into consumer issues.

47.     Detailed descriptions of my tasks are included in the detailed time report. I am the timekeeper identified as "Bryan Kemnitzer." My current billing rate is $850 per hour.

**B.     Adam McNeile**

48.     In 2008, Adam McNeile graduated *cum laude* with a B.A. in Broadcast Journalism from the University of Southern California. In 2011, Mr. McNeile graduated with a J.D. from University of California, Berkeley, School of Law.

49.     From December 2011 to January 2015, Mr. McNeile worked as an attorney specializing in bankruptcy litigation for the law firm Sheppard, Mullin, Richter & Hampton, LLP in both the Los Angeles and San Francisco offices. He was responsible, among other things, for motion practice, client relations, and making court appearances in federal court. Mr. McNeile represented numerous committees of unsecured creditors in multimillion-dollar bankruptcies during this time.

50.     Mr. McNeile has worked at Kemnitzer, Barron & Krieg since February 2015. His major responsibilities include drafting briefs and other pleadings, interviewing clients, managing cases, serving as a client liaison, preparing and responding to discovery, including taking and defending depositions, garnering and analyzing evidence, appearing in court, and participating in mediations and settlement conferences. During his time at this law firm, he has worked on numerous complex consumer class actions as well as many individual cases.

51.     Mr. McNeile has been an MCLE lecturer on various topics and has written articles, including as follows:

- 2022 NACA Spring Training Co-Chair
- 2021 NACA Spring Training, Lifecycle of an Auto Fraud Case
- 2020 NCLC Consumer Rights Litigation Conference, Intro to Dealer Fraud

- 2020 NACA Spring Training, Dealer Add-Ons Litigation
- 2020 Berkeley Law Lecture, Running Your Own Law Firm
- Law360, April 21, 2020, "California Auto Defect Law Makes the Roads Safer for Everyone"
- 2020 Housing and Economic Rights Advocates, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2019 Public Law Center, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2019 Bay Area Legal Aid, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2018 NACA Auto Fraud Conference, Formal Discovery in Auto Fraud Cases
- 2017 Guest Lecturer at UC Hastings Law School Consumer Law Seminar
- 2015 Bay Area Legal Aid MCLE Negotiation Training

52.     Mr. McNeile is actively involved in a number of organizations seeking to promote the interests of consumers through public interest litigation. He is a member of the National Association of Consumer Advocates and is actively involved with Public Citizen.

53.     Detailed descriptions of his tasks are included in the detailed report attached hereto. He is the timekeeper identified as "Adam McNeile." Mr. McNeile's hourly rate is $650.00.

**C.     Kristin Kemnitzer**

54.     Ms. Kemnitzer earned her B.A. with honors from Stanford University in 2006, and graduated from University of California, Berkeley, School of Law in 2011. She passed the bar exam in November 2011 and was sworn in in December 2011.

55.     In 2009, Ms. Kemnitzer served as a judicial extern for the Honorable Randall R. Rader, formerly Chief Judge of the United State Court of Appeals for the Federal Circuit. During law school, she served as Senior Articles Editor of the Berkeley Technology Law Journal. She also received a Certificate of Law and Technology upon graduation.

56.     From 2011 until 2012, Ms. Kemnitzer was a litigation associate at the law firm Wilson, Sonsini, Goodrich & Rosati. While at Wilson Sonsini, she focused on Internet and copyright litigation, and class action defense, and also handled a variety of *pro bono* matters, including negotiating public performance rights for non-profit organizations, and an application for asylum.

57.     She began working at Kemnitzer, Barron & Krieg in October 2012. She is responsible for all aspects of litigation and firm management, including drafting briefs and other pleadings, interviewing clients, managing cases, handling discovery, conducting legal research and analysis,

1    appearing in court and arbitration, mediating cases, and engaging in appellate advocacy. She has

2    a full case load involving both individual cases and class actions. During her tenure at the firm,

3    she has litigated over 200 cases, including dozens of class actions.

4    58.    Ms. Kemnitzer is involved in a number of consumer organizations, including the National

5    Consumer Law Center, the National Association of Consumer Advocates, Public Citizen, Public

6    Justice, Consumer Attorneys of California, and the Marin County Bar Association.

7    59.    She is frequently asked to speak on consumer law topics. A list of recent speaking

8    engagements is as follows:

- 2021 Speaker at National Consumer Law Center, Consumer Litigation Rights Conference; New Developments in Auto Fraud
- 2021 Speaker at National Consumer Law Center, Consumer Litigation Rights Conference; The ABCs of Used Car Cases
- PLI 26th Annual Consumer Financial Services Institute Conference; Arbitration, UDAP and Class Action Update
- 2021 USC's Gould School of Law Consumer Law Course Guest Lecture, The Rees-Levering Act
- 2021 NACA Spring Training, Public Private Partnering on Auto Cases
- 2020 National Consumer Law Center, New Developments in Auto Fraud
- 2020 National Consumer Law Center, Settling Car Cases During the Pandemic
- 2020 University of California Berkeley School of Law, Student training on Running Your Own Law Firm
- 2020 Public Counsel, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2020 Housing and Economic Rights Advocates, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2020 Practicing Law Institute, Helping Homeowners Facing Fair Lending Problems
- 2019 Host, National Consumer Law Center Women's Reception
- 2019 National Consumer Law Center, Consumer Litigation Rights Conference, The ABCs of Auto Fraud
- 2019 Public Law Center, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2019 Bay Area Legal Aid, MCLE training on the Rees-Levering Automobile Sales Finance Act
- 2018 Speaker at National Consumer Law Center, Consumer Litigation Rights Conference, The ABCs of Used Car Cases
- 2017 Speaker at National Consumer Law Center, Consumer Litigation Rights Conference, The ABCs of Used Car Cases
- 2017 Guest Lecturer at UC Hastings Law School Consumer Law Seminar
- 2015 CBS News ConsumerWatch Correspondent on the Song Beverly Consumer Warranty Act
- 2015 Bay Area Legal Aid MCLE Negotiation Training

26   60.    Ms. Kemnitzer has also published articles on consumer law issues for Plaintiff Magazine

27   and Law360.

28   61.    Detailed descriptions of her tasks are included in the detailed time report. She is the

1    timekeeper identified as "Kristin Kemnitzer." Her current billing rate is $650 per hour.

2    **D.    Nancy Barron**

3    62.    Nancy Barron is a co-founding partner of our firm. Ms. Barron holds a B.A. cum laude

4    from Stanford University (1973). Ms. Barron was a Fulbright Scholar (1974-1975, Germany).

5    Ms. Barron obtained her J.D. from the University of California, Hastings College of Law (1981).

6    Ms. Barron served as an extern to the California State Supreme Court (1981).

7    63.    Ms. Barron has been practicing litigation since 1981, nearly 40 years. From 1981 to 1984,

8    Ms. Barron was an associate at Miller, Starr & Regalia. Ms. Barron began practicing consumer

9    litigation with Bryan Kemnitzer in 1984. Ms. Barron is a founding partner in Kemnitzer, Barron

10   & Krieg, LLP, which we first formed in 1986 as Kemnitzer, Dickinson, Anderson & Barron, one

11   of the first plaintiffs' firms in California to specialize in consumer law.

12   64.    Ms. Barron has trial experience, beginning in 1983. As co-lead counsel, Ms. Barron and I

13   have tried a class action to judgment. Gutierrez v. Auto West (San Francisco Superior Court

14   Case No. CGC-00-317755).

15   65.    Ms. Barron has appellate experience, including several reported decisions in consumer

16   law cases. See, e.g., Ibrahim v. Ford Motor Co. (1989) 214 Cal.App.3d 878; Kwan v. Mercedes

17   Benz (1994) 23 Cal.App.4th 174 (argued); and Gutierrez v. Auto West (2004) 114 Cal.App.4th

18   77 (argued). Ms. Barron has also been lead and/or co-counsel in several unpublished decisions

19   and has served as a contributing author and editor on numerous amicus briefs.

20   66.    Ms. Barron is the author of more than fifty (50) articles, many of which discuss consumer

21   issues, and a contributor to the manual, "Sales of Goods and Services," as well as Consumer Law

22   Pleadings with Disk, both published by NCLC, and widely used by both defense and plaintiffs'

23   counsel. Ms. Barron is also the author of the book, "Return to Sender: Getting a Refund or

24   Replacement for Your Lemon Car," (National Consumer Law Center, Boston: 2000); which Ms.

25   Barron is informed has sold out its second printing.

26   67.    Ms. Barron has been a speaker and panelist for National Association of Consumer

27   Advocates' regional conferences, Consumer Attorneys of California statewide conferences, the

28   National Consumer Law Center's annual national conferences (since 1994), and a State Bar

approved provider of MCLE programs. Ms. Barron has given intensive training to JAG officers. Ms. Barron has been a guest lecturer in Consumer Law numerous times at the University of Santa Clara Law School and a judge of the Moot Court at Stanford Law School.

68.     In September 2009, Ms. Barron was invited to participate in a panel discussion hosted by the Federal Trade Commission on debt collection practices. The outcome of that discussion and debate (between the industry and consumer participants) is expected to inform policy, the regulatory process and recommendations to Congress. Among the discussion points was abuse in the repossession process. Ms. Barron's comments are quoted in the resulting publication, "Repairing a Broken System – Protecting Consumers in Debt Collection Litigation and Arbitration," (FTC, July 2010). Ms. Barron has testified before California state legislative committees, advised staff on automotive consumer issues, and has assisted in drafting legislative amendments to consumer protection laws. Ms. Barron has drafted comment to the Consumer Financial Protection Bureau. Ms. Barron has contributed to amicus curiae briefs filed in appellate courts, including the U.S. Supreme Court.

69.     From 1998-2004, Ms. Barron served as an elected Director of the National Association of Consumer Advocates ("NACA"), an organization comprised of approximately 1,000 attorneys who represent consumers in nearly all fifty states (and as Co-Chair 2003-2004). For four years, Ms. Barron was Editor-in-Chief of its publication, The Consumer Advocate, during which time she arranged peer-review, edited and published well over one hundred articles on substantive consumer law topics. Ms. Barron served on the NACA committee that revised the Class Action Guidelines (see, 255 F.R.D. 215).

70.     Since 2008, Ms. Barron has served on the 12-member Board of Directors of the National Consumer Law Center in Boston (NCLC). While NCLC's own mission is to defend the rights of low-income consumers and to advance economic justice, it serves both plaintiffs' and defense attorneys in consumer law by publishing the standard manuals, which are used by all sides.

71.     Detailed descriptions of her tasks are included in the detailed time report. She is the timekeeper identified as "Nancy Barron." Her current billing rate is $850 per hour.

//

**E.**     **Sean R. Barry**

72.     Sean R. Barry is our firm's senior paralegal. Mr. Barry graduated from the University of Pennsylvania, earning a B.A. in Political Science in 1989, and earned his California State Bar Paralegal Certificate in September 1994 from California State University – San Francisco.

73.     Mr. Barry has more than 25 years of experience as a litigation paralegal, and has been with Kemnitzer, Barron & Krieg since July 1998. While with the firm, Mr. Barry has successfully testified at trial in support of his document review and analysis. Mr. Barry's responsibility as senior paralegal is the management of our firm's active litigation cases for counsel. As such, he is required to review each and every piece of correspondence, pleadings, discovery, and case related materials delivered to our office by mail, fax, e-mail, or other means. In this initial review, Mr. Barry identifies events and calculates deadlines which must be calendared, enters the events into our electronic calendar, determines and recommends responsive action to the attorneys, responds where appropriate, and forwards the documents to the appropriate partners and/or associates. The entering of events into our electronic calendar generally takes only a small fraction of this time, yet is vital to his management of the firm's active litigation, and is not merely a clerical task. Another small part of this initial review includes scanning the documents into an electronic database, with concurrent data management functions. It is also Mr. Barry's responsibility to draft routine legal forms including, but not limited to proofs of service, case management statements, declarations, briefs and/or notices. It is his further responsibility to draft correspondence to courts, clients, opposing counsel, consultants and co-counsel regarding pending litigation. Mr. Barry is also regularly called upon to draft and edit written discovery requests and deposition notices to opposing parties, and to draft and edit discovery responses to opposing parties.

74.     Detailed descriptions of his tasks are included in the detailed time report. He is the timekeeper identified as "Sean Barry." Mr. Barry's current hourly rate is $275.00. His rate has been approved by numerous courts in class action and individual cases.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my present recollection and this declaration is

1   executed May 31, 2022, in Mill Valley, California.

2

3                                                    _____
                                                     BRYAN KEMNITZER

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Kemnitzer, Barron & Krieg, LLP**
42 Miller Avenue Third Floor
Mill Valley, CA 94941

**FILTERS USED :**

**Project In :** Terteryan, Aram
and **Resource In :** Adam McNeile, Bryan Kemnitzer, C.C.P. 1033.5, Kristin Kemnitzer, Nancy Barron, Sean Barry

| Employee | Hours/Unit | Rate | Amount |
|---|---|---|---|
| **Client ID: Terteryan, Aram** | | | |
| **Project ID - Name (Manager):**Terteryan, Aram - Terteryan, Aram**(TS)** | | | |
| **Services:** | | | |
| **Adam McNeile** | | | |
| **Adam McNeile** Total: | 586.40 | $650.00 | $381,160.00 |
| **Bryan Kemnitzer** | | | |
| **Bryan Kemnitzer** Total: | 438.30 | $850.00 | $372,555.00 |
| **Kristin Kemnitzer** | | | |
| **Kristin Kemnitzer** Total: | 190.20 | $650.00 | $123,630.00 |
| **Nancy Barron** | | | |
| **Nancy Barron** Total: | 53.90 | $850.00 | $45,815.00 |
| **Sean Barry** | | | |
| **Sean Barry** Total: | 148.90 | $275.00 | $40,947.50 |
| **Services** Total: | 1,417.70 | | $964,107.50 |
| **Expenses:** | | | |
| **C.C.P. 1033.5** | | | |
| **C.C.P. 1033.5** Total: | 1,514.60 | | $54,327.44 |
| **Expenses** Total: | 1,514.60 | | $54,327.44 |
| Project **Terteryan, Aram** Total: | 2,932.30 | | $1,018,434.94 |

# EXHIBIT B

- *Aguilar, Canton, Owens and Eaton v. Citizens Automobile Finance, Inc.: RBS Citizens, N.A.,* Civil No.: C 10-05345JSW (Northern District of California)

- *AIS Services v. Navarrete*, Sacramento County Superior Court Case No. 34-2008-00020740

- *Ally Financial, Inc. v. Lazrovich, et al*, Civil No.  111CV195659 (Santa Clara Superior Court)

- *Alta Vista Credit Union v. Campbell, et al., and Related Cross Action,* Case No.: CIVDS1009450 (San Bernardino County Superior Court)

- *Arguelles-Romero, et al. v. Americredit Financial Services, Inc.*, Civil No. BC410509 (Los Angeles Superior Court)

- *Asabi v. A-L FINANCIAL Consumer USA Inc. dba Drive Financial Services,* Civil No. RG09443628 (Alameda Superior Court)

- *Autovest LLC v. Mabrey,* Case No. CGC-18-566617 (San Francisco Superior Court)

- *Baker v. GEMB, Inc. et al.* Civil No. C10-05261SBA (United States District Court for the Norther District of California)

- *Bank of Stockton v. Tolentino, et al.*, Civil No. CV 160904 (Santa Cruz Superior Court)

- *Bryan v. Franklin Capital Corp.*, Civil No. BC 340574 (Los Angeles Superior Court)

- *Buckingham v. Automotive Funding Group, et al.,* Case No. BC492394 (Los Angeles Superior Court)

- *Buzenes v. Nuvell National Auto Finance LLC*, Los Angeles Superior Court Case No. BC407366

- *Campf v. Golden 1 Credit Union*, Sacramento County Superior Court, Case No. 34-2018-00228285.

- *California Community Credit Union v. Chapman*, Sacramento County Superior Court Case No. 34-2009-00054626

- *Cooperrider v. First Metropolitan Credit Union*, Civil No. BC321978 (Alameda County Superior Court)

- *Cordero v. American Honda Finance Corporation* Civil No. 531470 (San Mateo County Superior Court)

- *Dadian v. Westlake Services, Inc.*, Civil No. BC322765 (Los Angeles Superior Court)

- *DaimlerChrysler Financial Services Americas LLC v. Pryer, et al.*, Civil No. RIC 470466 (Riverside Superior Court)

- *Davis v. Volvo Finance North America*, Civil No. 03AS00938 (Sacramento Superior Court)

- *Dawson v. Honda Financial Services*, Civil No. RG 09443611 (Alameda Superior Court)

- *DeLuca v. Wescom Central Credit Union*, Los Angeles County Superior Court, Case No. BC472473

- *Diaz v. Safe Credit Union,* Case No. STK-CV-UOC-2018-13550 (San Joaquin Superior Court)

- *Dixon v. County Financial Services, Inc.,* Civil No. RG10537949 (Alameda Superior Court)

- *Eugene, et al. v. A-L Financial Corp*, Sacrament County Superior Court, Case No. 34-2011-00099541

- *Fielder v. Mechanics Bank*, Los Angeles County Superior Court, Case No. BC721391

- *Fireside Bank v. Gonzales, et al., and Related Cross-Action*, Los Angeles County Superior Court, Case No. BC 445836

- *Ford Motor Credit Co. v. O'Neal, et al.*, Civil No. 37-2007-00077225-CL-CL-SC (San Diego Superior Court)

- *Foster v. Repossess Auto Sales, et al.,* Civil No. BC 386112 (Los Angeles Superior Court)

- *Friedrichs v. BMW Financial Services*, U.S.D.C. C08-4486 PJH (Northern District of California)

- *Gitti v. Mercedes Benz Credit*, Civil No. BC359251 (Los Angeles County Superior Court)

- *Grans v. SAFE Credit Union*, Contra Costa Superior Court, Case No. C11-02692

- *Hamm v. Consumer Portfolio Services, Inc., et al*, 34-2010-00081238 (Sacramento Superior Court)

- *Hardcastle v. Bank of Stockton*, Sacramento County Superior Court, Case No. 34-2013-00148919

- *Johnson, Caras, Larsen v. Hyundai Capital America d/b/a Kia Motors Finance*, Civil No. BC565263, Los Angeles Superior Court

- *Jones v. Centerone Financial Services, LLC*, Case No. 3:14-CV-01673 SI

- *King v. California Republic Bank, Orange County Superior Court*, Case No. 30-2013-00655804-CU-BT-CXC

- *Lanier v. Infiniti Financial Services*, Civil No. BC359250 (Los Angeles Superior Court)

- *Lawson v. Ventura Credit Union,* Case No. 56-2018-00520827-CU-BT-VTA (Ventura Superior Court)

- *Liedorff v. Centerone Financial Services LLC*, U.S.D.C. C 08-5455 MHP (Northern District of California)

- *Lobel Financial Auto Cases*, JCCP No. 4563 (Sacramento Superior Court)

- *Marrero v. Safe 1 Credit Union,* Case No. BCV-20-101457-DRL (Kern County Superior Court)

- *McCoy, et al. v. Alliant Credit Union*, Civil No. RG 09-444283 (Alameda Superior Court)

- *Mejia v. DACM, Inc.,* Case No. 30-2018-01023401-CU-BT-CXC (Orange County Superior Court

- *Melendez v. K Street Finance, Inc.* Civil No. 30-2014-00722412 (Orange County Superior Court)

- *Meyer v. First City Credit Union,* Civil No. BC386098 (Los Angeles Superior Court)

- *Meza v. ACC Consumer Finance LLC,* Civil No. RG094558893 (Alameda Superior Court)

- *Miliate v. San Diego House of Motorcycles, Inc.*, Case No. 37-2018-00035131-CU-BT-CTL (San Diego County Superior Court)

- *Montes v. Kinecta Federal Credit Union*, Civil No. 30-2015000789292 (Orange County Superior Court)

- *Morrison v. Credit Acceptance Corp.* No. C 10-00549 PHJ (N.D. California)

- *Orizabal v. LBS Financial Credit Union*, Civil No. (Los Angeles Superior Court)

- *Pacific Service Credit Union v. Eugenia Aguilar Hernandez, et al.*, Fresno County Superior Court, Case No. 06ECG03625 JH

- *Padilla v. Premier Auto Credit, et al.*, Los Angeles County Superior Court, Case No. BC482350

- *Palacios v. Discount Finance Corp., et al.*, Los Angeles County Superior Court, Case No. BC470675

- *Peraza v. Nissan Motor Acceptance Corporation*, Civil No. BC 201048 (Los Angeles Superior Court)

- *Quality Financial, Inc. v. Castillo, et al., and Related Cross-Action*, Los Angeles Superior Court, Case No. KC061825

- *Ramirez v. Balboa Thrift and Loan Association, and Related Actions*, San Diego County Superior Court, Case No. 37-2009-00099225-CU-BT-CTL

- *Rhoades v. Gateway One Lending & Finance, LLC*, Civil No. C16-00659 (Contra Costa Superior Court)

- *Richardson v. Wells Fargo Auto Finance, Inc.,* Civil No.: CGC-08-481662 (San Francisco County Superior Court)

- *Rodriguez v. Hyundai Motor Finance Company,* Civil No.: 05CC05238 (Orange County Superior Court)

- *Ruiz v. Credit Acceptance Corp.*, Civil No. BC 193888 (Los Angeles Superior Court)

- *SafeAmerica Credit Union v. Marlyn Turla, et al.* Civil No.: 106CV068292 (Santa Clara Superior Court)

- *Safe Credit Union v. Martin, et al.*, Civil No. 06AM05906 (Sacramento Superior Court)

- *Salazar v. 1ˢᵗ Pacific Credit Union*, Civil No. 06AS01213 (Sacramento Superior Court)

- *Salimi v. BMW Financial Services, et al.*, USDC Northern District of California, Case No. C12-01754 JSW

- *Santos v. Meriwest Credit Union,* Civil No. RG09480463 (Alameda Superior Court)

- *Serrano v. Chase Chrysler Plymouth*, Civil No. CV 007771 (San Joaquin Superior Court)

- *Shabestari v. MS Services, LLC*, Civil No. 34-2017-00210831 (Sacramento Superior Court)

- *Stephens v. Bay Federal Credit Union,* Civil No. CGC-08-478197 (San Francisco Superior Court)

- *Sutherland v. Santander Consumer USA, Inc.*, Alameda County Superior Court, Case No. RG10507124

- *TK Credit Recovery v. Blaurock, and Related Cross-Action*, Alameda County Superior Court, Case No. RG13676609

- *TK Credit Recovery v. Macias, and Related Cross-Action*, Contra Costa County Superior Court, Case No. C14-00919

- *Tolentino v. Bank of Stockton,* Civil No. CV 160904 (Santa Cruz Superior Court)

- *United Auto Credit Corporation v. Mesngon*, Civil No. HG14747897 (Alameda Superior Court)

- *Vitrano v. Santander Consumer USA Inc.*, Civil No. 2:13-cv-02492-AB-MRW (United States District Court for Central District of California)

- *Walker v. Westlake Financial Services,* Civil No. BC436725 (Los Angeles Superior Court)

- *Washington v. Citizens Equity First Credit Union*, Civil No. RG12636668 (Alameda Superior Court)

- *White v. Topaz Financial Services, LLC, et al.*, Los Angeles County Superior Court, Case No. BC472910

- *Wiggins v. Heritage Community Credit Union*, Civil No. 05AS02705 (Sacramento Superior Court)

- *Williams v. Tidewater Finance Company, et al.*, Los Angeles County Superior Court, Case No. BC487314

- *Willoughby v. DT Credit Corporation*, Civil No. BC336262 (Los Angeles Superior Court)

- *Wimberly v. Triad Financial Corporation*, Civil No. 30-2008-00059511 (Orange County Superior Court)

- *Yeh v. Nissan Motor Acceptance Corporation*, Civil No. 768021 (Santa Clara Superior Court)