UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ARAM TERTERYAN, TATYANA DAVTYAN, and MARINE DAVTYAN, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. CV 16-2029-GW-KSx<br>Hon. George H. Wu<br>Crtrm 9D – 1st Street<br><br>**FINAL JUDGMENT**<br><br>Action filed:   March 24, 2016<br>Trial Date:      None Set |

On August 29, 2022, this Court entered its Order finally approving the class action settlement of this case. (Dkt. 145.) Based on that Order, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. This judgment applies to and binds the named plaintiffs, Aram Terteryan, Tatyana Davtyan and Marine Davtyan, the defendant Nissan Motor Acceptance Company LLC, formerly known and sued as Nissan Motor Acceptance Corporation ("NMAC"), and the certified plaintiff settlement class defined as:

    a. all persons in the United States to whose cellular telephones NMAC placed one or more non-emergency Calls
    b. using equipment that constitutes or may constitute an

06888.0238/16229581.1

[Proposed] Final Judgment

automatic telephone dialing system or an artificial or prerecorded voice c. during the Class Period and d. who were not a party to any agreement with NMAC.

NMAC, any affiliate or subsidiary of NMAC, any entities in which any of such companies have a controlling interest, the staff of the Court, and counsel in this case are excluded from the class.

2. The terms of the Settlement Agreement and Release ("Settlement Agreement"; Dkt. 109-1) are approved and incorporated into this judgment by this reference.

3. Each named plaintiff and each class member is bound by the terms of sections 2.32, 13.01-13.03 and 13.05 of the Settlement Agreement which provide"

> 2.32 "Released Parties" means NMAC and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives. "Released Parties" specifically includes all corporate affiliates of NMAC and all entities with which NMAC contracts to obtain representatives to place calls.
>
> 13.01 Released Claims. Plaintiffs and each Settlement Class Member, as well as their respective assigns, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims. The release does not apply to members of the Class who timely opt-out of the Settlement.
>
> 13.02 Released Claims. "Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law,

contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members during the Class Period. Nothing in the Settlement shall be construed as a waiver of Settlement Class Members' rights to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party.

13.03 Waiver of Unknown Claims. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code ….

13.05 Covenant Not To Sue. Plaintiffs agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims and agree to be forever barred from doing so in any court of law or equity, arbitration proceeding, or any other forum. However, nothing herein is intended to restrict any Settlement Class Member from contacting, assisting or cooperating with any government agency.

4. As the appointed the Claims Administrator in this case. The Claims Administrator, KCC Class Action Services, shall distribute net settlement funds in accordance with section 7.10 of the Settlement Agreement and the Final Approval Order. The Claims Administrator shall pay any remaining unused funds to The Samuelson Law Clinic, an experiential clinic at the University of California, Berkeley School of Law as provided in section 7.10(f) of the Settlement Agreement.

5. As the appointed class representatives for the plaintiff settlement class defined in paragraph 1 above, plaintiffs Aram Terteryan, Marine Davtyan, and Tatyana Davtyan have each been awarded $10,000 which the Claims Administrator shall pay to them from the settlement funds, as provided in sections 5.04 and 7.10(b) of the Settlement Agreement.

6.  As the appointed counsel for the plaintiff settlement class defined in paragraph 1 above, the law firms of Kemnitzer, Barron & Krieg, L.L.P. and Lyngklip & Associates have been awarded $733,333.00 in attorney's fees and $128,927.00 in costs, which the Claims Administrator shall pay to class counsel from the settlement funds, as provided in section 7.10(a) of the Settlement Agreement.

7.  This action is dismissed with prejudice. However, the Court retains jurisdiction to interpret, implement, enforce, and resolve disputes regarding the Settlement Agreement and the Claims Administrator's distribution of funds pursuant to that Agreement.

DATED:  September 1, 2022

*[signature]*

Hon. George H. Wu
United States District Judge